HEARD NOVEMBER TERM, 1874.

## RUNION *vs.* LATIMER.

A and B both claimed to be the lawful County Treasurer, and A being rightfully in possession of the tax duplicate, B wrongfully entered his office during his absence and carried off the tax duplicate, leaving a receipt therefor: *Held,* That A had the right to compel B to return the tax duplicate to him, and that *mandamus* was the proper remedy.

*Mandamus* is the proper remedy to compel the performance of acts of official duty in which the public are directly interested, and in all such cases the proceedings should be in the name of the State.

*Mandamus* lies not only against public officers, but also against persons exercising the powers of the office, though not lawfully holding it.

The title to a public office will not be determined under an application for *mandamus* where there is a plain and adequate remedy prescribed by law, or where the necessity for the application arises out of the unlawful act of the party tendering the issue.

Where an application for *mandamus* was in the name of the applicant, when it should have been in the name of the State, but the objection was not made by the return or antecedently thereto, the questions involved could be legally decided and the proceedings afterwards amended.

BEFORE COOKE, J., AT CHAMBERS, GREENVILLE, DECEMBER, 1874.

Petition for writ of *mandamus* by James M. Runion (in his own name) against Joseph P. Latimer, respondent. A rule to show cause was issued and the respondent made a return thereto, and afterwards, by order of the Judge, a supplemenal return.

From the pleadings, it appeared that the petitioner was appointed Auditor of Greenville County in July, 1871, and held the office until the 30th of November, 1874, when he resigned; that on the 26th of the same month and year he was appointed Treasurer of said County; that on the 29th his appointment was revoked, and the respondent appointed County Treasurer in his place; and that on the 9th of December of the same year he was again appointed County Treasurer. Both parties claimed the office, but the petitioner was in possession of the books and papers, including the

tax duplicate,—keeping them in the Auditor's office, which he had not vacated, his successor as Auditor not having been appointed.

After the petitioner's last appointment as County Treasurer, the respondent obtained a key from some one else, and in the petitioner's absence, and without his knowledge or consent, entered the Auditor's office and took therefrom the tax duplicate, leaving his receipt for the same.

The object of the petition was to compel the respondent to restore the tax duplicate to the custody of the petitioner.

The return to the rule presented an issue as to the title to the office of County Treasurer, and denied that the remedy of the petitioner, if he had any, was by *mandamus*.

His Honor heard the case on the 23d of December, 1874, and made an order that a peremptory writ of *mandamus* do issue.

The respondent appealed the case to this Court on the following grounds:

1. Because it is respectfully submitted that the petitioner was not entitled to the relief sought under the form of the action adopted.

(a.) The action should have been brought in the name of the State, *ex relatione* the Attorney General, with whom the petitioner should have been joined, and not in his own name.

(b.) Because the petitioner failed to state in his said petition that he had no other remedy in the premises.

(c.) Because the petition showed that he had another remedy.

2. Because the act sought to be compelled by the *mandamus*, to wit, the returning the Treasurer's tax duplicate, was not an act appertaining to the office and duty of the County Treasurer, and therefore *mandamus* will not lie to compel its return.

3. Because the return of the book was not an act in which the public had an interest, and therefore *mandamus* will not lie.

4. Because the petitioner had no legal or equitable title to the book.

5. Because no useful purpose could be accomplished by the return of the book to the petitioner. He already had the receipt of the respondent as County Treasurer, (no one else at that time claimed to be the County Treasurer,) and respondent's receipt was a suffi-

cient protection to the petitioner in his accounting to his successor in office for the book.

*A. Blythe, J. P. Moore,* for appellant.

*Earle & Wells,* contra.

April 8, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The most important function of the writ of *mandamus* is to compel the performance of acts of official duty in which the public are directly interested. In this class of cases, the relator proceeds on the right of the State, which has not merely a nominal but a substantial interest.

The maintenance of activity and life in every part of the body politic is a primary duty imposed upon governments; and it is essential to its attainment that all public functions should be performed with regularity and exactness. The writ of *mandamus* issuing out of the Courts of common law is the proper remedy to enforce the performance of such official acts as are of absolute obligation upon the officers called upon to perform them, and are essential to a due administration of the government, when performance has been improperly refused.

Not only public officers, duly and rightfully exercising the powers incident to the offices held by them, may be compelled by the writ of *mandamus* to perform such official acts, but persons exercising the powers of such offices, though not rightfully holding the same, may be so compelled. This results from a familiar principle, that one unlawfully assuming an agency, either public or private, may be held to all the responsibilities incident to such agency while in the actual exercise of the same.

The application of these familiar principles to the present case leads to the conclusion that the peremptory writ was properly issued in the present case. What the respondent alleges as justification for his conduct involves a claim to the office of County Treasurer and rightful action under that claim.

It is not necessary for us to consider the conflicting claims of the relator and respondent to the office of County Treasurer. It appears by the facts stated in the petition, and not contradicted by the return, that the relator was actually in possession of the office of County Treasurer, and possessed of the "tax duplicate," which

is a record of the taxes imposed within the County, and a necessary warrant in the hands of the collector; that the respondent, claiming to be rightfully County Treasurer, took the book in question from the office of the relator, unlawfully and clandestinely entering the same, in the absence of the relator, for that purpose. The relator now demands its return. The mode of obtaining possession of the book was a wrong, and his possession of the record cannot be regarded as offering evidence of his actual possession of the office. The book must still be regarded as of right in the custody and control of the relator, who, as he also holds the evidence of appointment to the office by due authority, must be regarded as *prima facie* entitled to the office and all matters incident thereto.

We are not called upon, in the present case, to decide whether a question of title to public office can properly be considered in this proceeding by *mandamus*. It certainly cannot where the ordinary remedy, by an action in the nature of *quo warranto*, affords an adequate remedy, nor in a case where the ground of complaint arises out of the illegal and wrongful misconduct of the party tendering the issue, based upon a question of title to office. The present case belongs to the class just named. The respondent has an adequate remedy by action for any right that he may possess. At all events, he has, by his own wrong, deprived the relator of the record which it is the whole object of the present proceeding to have returned to his possession, and the respondent cannot interpose a question of title between the wrong that he has committed and its proper legal remedy.

The writ should have been entitled in the name of the State. Had this objection been raised, either by motion previous to a return or by the return, it would have been necessary for the relator to have amended the title of his proceeding. But it does not appear that such objection was raised by the return or in any antecedent proceeding. The Circuit Court may at any time amend the proceeding as to a matter of form.

The appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.