ICHABOD N. LUCE *vs.* BOARD OF EXAMINERS OF DUKES COUNTY.

Dukes County.    October 29, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Board of Examiners — Return of Votes — Mandamus — County Commissioners.*

The board of examiners of election returns ordered a town clerk, under the St. of 1885, c. 229, § 1, to transmit a new return of the votes cast in the town for a county commissioner in place of the return first made by him, which did not show where or when the election was held, or that the record was of a meeting of the inhabitants of the town, unless inferrible from the facts that it purported to be certified by persons described as "selectmen of the town," naming it, and was attested by a person described as "clerk of said town." The new return, besides having the defects of the first return, was not certified by any persons purporting to be selectmen, and the name of the town nowhere appeared in it. A petition for a writ of mandamus was filed to compel the board to receive the returns and count the votes with those returned from the other towns in the county, and to declare the election of the petitioner as county commissioner, and to notify him thereof. *Held,* that the board was not bound to receive or treat either return as valid; and that the petition was properly dismissed.

It seems that mandamus will lie to enforce the right of a person elected county commissioner to act as such, and to prevent an intruder from performing the duties of the office.

PETITION for a writ of mandamus to compel the respondents to count for the petitioner certain ballots cast for county commissioner, and to notify him of his election, in place of one Henry Ripley, declared by the respondents to be elected to the office. Hearing before C. *Allen,* J., who dismissed the petition, and

reported the case for the consideration of the full court. The facts appear in the opinion.

*E. J. Hadley,* for the petitioner.

*H. M. Knowlton,* for the respondents.

FIELD, C. J. If the facts in this case are as for the purpose of the case they have been conceded to be, it seems that the petitioner was duly elected county commissioner for Dukes County, and that Henry Ripley was not elected. But in this petition for mandamus the right of the petitioner to the office cannot be tried. The object of the petition is to compel the board of examiners to receive the returned copy of the votes cast for county commissioner in the town of Tisbury, at the election held on November 5, 1889; to count the votes thus returned with the votes returned from the other towns of the county; to declare the petitioner elected to the office of county commissioner, and to notify him of his election. Pub. Sts. c. 7, §§ 26, 40, 48; c. 23, § 31. St. 1885, c. 229. The duties of this board are defined in *Clark* v. *Board of Examiners,* 126 Mass. 282, and in *Luce* v. *Mayhew,* 13 Gray, 83. The members of the board are ministerial officers, not authorized to hear witnesses, or to weigh evidence. " If one result appears upon the returns, and another is the real truth of the case, they can only act upon the former." *Luce* v. *Mayhew,* 13 Gray, 85. By the copy of the record first returned to the clerk of the courts by the clerk of the town of Tisbury, it does not appear where the election therein described was held, or in what year it was held, nor does the return appear to be a copy of the record of a meeting of the inhabitants of the town of Tisbury, except as this may be inferred from the fact that the record purports to be signed by three persons, who are described as " selectmen of the town of Tisbury," and to be attested by William S. Swift, who is described as " clerk of said town."

This return was duly presented to the board of examiners by the clerk of the courts, and they, finding it incomplete, in pursuance of the St. of 1885, c. 229, ordered the clerk of the town of Tisbury to make and transmit a new copy of the record of the votes of the town for county commissioner. The new return made by the clerk has all the defects found in the first return, and was not certified by any persons purporting to be selectmen. It was attested by William S. Swift, who is described as " clerk

of said town," but the name "Tisbury" nowhere appears in it, and it is impossible to ascertain from an examination of it in what town the election was held and the votes were cast.   In neither of these returns was there, we think, a substantial compliance with the requirements of the statute by the clerk of the town of Tisbury, and we are of opinion that the board of examiners was not bound to receive either of these returns and treat it as a valid return.   *Clark* v. *Board of Examiners*, 126 Mass. 282.   *Luce* v. *Mayhew*, 13 Gray, 83.

Whether the board might not have continued to order " a new copy of the votes " to be made and transmitted by the clerk of the town, until a copy was received which showed a compliance with the statute, is a question not argued.   The board had no authority to compel the clerk to make new returns, and this petition was not brought for this purpose.   Whether the petitioner can proceed by mandamus against the clerk of the town of Tisbury to compel him to make a proper return to the clerk of the courts, and then by successive writs of mandamus compel the clerk of the courts to present this return to the board of examiners, and the board to receive and examine it with the others, and to declare the petitioner elected county commissioner, and to notify him of his election, if these persons refuse to perform their lawful duty, need not now be considered.   Undoubtedly it is true that the title of Henry Ripley to the office may be tried at any time before the term of office expires, on an information in the nature of *quo warranto*, and that after he has been ousted from the office the remaining county commissioners may be compelled by mandamus to recognize the petitioner as a county commissioner, if he has received what is equivalent to a certificate of election.   But it is plain that a contested election ought to be determined as soon as possible, and that, if all these proceedings are necessary, the delay and expense may be such as to amount almost to a denial of any adequate remedy.   The petitioner apparently has proceeded on the theory that it is necessary that he should be declared elected by the board of examiners, and notified by it of his election, before he can be admitted to perform the duties of his office.   We think that this is erroneous.

In any body of public officers, which finally determines the election of its own members, the vote of the body declar-

ing a person elected is conclusive evidence of his title to the office, although some other person may have received the certificate of election from a body authorized in the first instance to determine the result of the election. When the title to an office can be tried on *quo warranto*, a judgment of ouster is conclusive evidence that the defendant does not lawfully hold the office, although he may have duly received the certificate of election. Under our practice, when there is a contest concerning the election of a member of a board composed of more than one person, mandamus has been used to compel the members of the board to admit the petitioner if he is found by the court to have been elected a member, and also to compel the person who, instead of the petitioner, has intruded himself into the office, to refrain from performing the duties of the office. The use of the writ of mandamus to try the title to an office, and to put one person out of and another person into an office, is undoubtedly unusual, and opposed to the weight of authority in other jurisdictions. But the nature of the proceedings in mandamus under our statutes seems well adapted to accomplish these results in a case like the present. The title of the incumbent to the office is involved in the determination of the title of the petitioner ; the hearing on the application for the writ may be had upon the petition, the court may summon in " any person having or claiming a right or interest in the subject matter," and if an alternative writ is issued the petitioner may traverse " any material facts contained in " the return. Pub. Sts. c. 186, §§ 13–16.

The reported cases in which this remedy appears to have been used relate to the election of a town officer who was but one of a board. *Putnam* v. *Langley*, 133 Mass. 204. *Conlin* v. *Aldrich*, 98 Mass. 557. In each of these cases, as we infer from the published report, the office claimed by the petitioner was claimed by another person, who had intruded himself into the office, and was performing its duties with the assent of the other members of the board. This question of remedy was considered in *Strong, petitioner*, 20 Pick. 484, 496, and the court expressed the opinion that mandamus would lie to place one in an office which was actually filled by another, although the incumbent had not been removed by a *quo warranto*. This opinion, however, was not necessary to the decision. That case was like the present, except

that there the court held that, on the face of the returns before the board of examiners, the petitioner was entitled to a certificate of his election, and the writ of mandamus was issued. It certainly deserves consideration, in any future proceedings by the petitioner, whether the grounds on which it was held in *Putnam* v. *Langley*, and *Conlin* v. *Aldrich*, that mandamus was a proper remedy, are not equally applicable to the present case, whereby in one suit the whole controversy can be speedily decided upon its merits. See 2 Dillon, Mun. Corp. (4th ed.) §§ 845, 846. The present petition must be dismissed.

*So ordered.*