### MATTHEWS, EX'OR, v. NANCE, SHERIFF.

1. NOTICE—INJUNCTION.—It is not necessary to give adverse party notice of application to Justice of this Court to stay proceedings pending appeal, and such injunction may be granted with or without security.

2. APPEAL—MANDAMUS.—The right of appeal lies from a peremptory writ of mandamus, requiring a sheriff to sell lands claimed as homestead.

3. IBID.—IBID.—SERVICE OR ORDER.—The right of appeal from a writ of mandamus to a sheriff is not affected by the fact that the writ was not served on the sheriff, as these are not contempt proceedings.

Motion to dismiss appeal.

*Messrs. Graydon & Graydon* and *Geo. S. Mower*, for the motion.

*Messrs. Frank B. Gary* and *S. C. Cason*, contra.

April 19, 1897. The opinion of the Court was delivered by

JUDGE WATTS, A. A. J. This is a motion to dismiss an appeal in the above case, and failing that, to require the respondent to give security; said motion is based on all papers in the case and affidavits attached to notice of motion. The papers show that on December 3, 1896, his Honor, Judge Witherspoon, issued a peremptory mandamus to F. W. P. Nance, Esq., as sheriff of Abbeville County, requiring him to sell certain lands in said county, in the case of C. P. Matthews, as executor, &c., of Bud C. Matthews, deceased, against F. M. Pope. From said order, F. W. P. Nance, as sheriff, duly appealed, and made application to Mr. Justice Pope for a stay of proceedings pending said appeal. Mr. Justice Pope, at chambers, on December 5, 1896, granted an order staying proceedings in the matter until further order of the Court. The grounds of motion are that no notice was given petitioner, no order of papers served on him or his attorneys, nor was the original order served upon said Nance; that Code of Procedure does not provide for order staying proceedings pending appeal from order directing writ of mandamus; that no appeal was pending from order of Judge Witherspoon, and that Mr. Justice Pope was without jurisdiction to grant the order, and in any view of the case security should have been required.

As to whether an appeal was pending in this Court, the

papers show by U. R. Brooks', Esq., certificate that return was filed on December 5th, 1896, and that settles that ground. In addition to that, the Justices of this Court are very cautious and strict in seeing to it that the return is filed so as to give them jurisdiction, before they will listen to any application for stay of proceedings pending appeal, and the law was strictly complied with in this case.

We do not think it was necessary to give the petitioner, or his attorney, notice that an application would be made to stay proceedings pending appeal; after return is filed and this Court acquires jurisdiction, any person appealing has a right to apply to any of the Justices for an order staying further proceedings pending appeal, and the Justice can exercise his wise discretion in giving such order in the premises as he thinks proper to carry out that intention, with or without security; in this case that discretion, in our opinion, has not been abused.

Wherever a substantial right has been denied, an appeal will lie. See *Blakely & Copeland* v. *Frazier*, 11 S. C., page 122; and there are numerous decisions on the same line since that case. Here the sheriff was ordered by a peremptory mandamus to sell land claimed as a homestead; the penalties are severe for selling a homestead, and it would be absurd to say that a substantial right is not involved, and pending appeal from an order of a Circuit Judge ordering the same, that a stay of that order could not be granted by an order of one of the Justices of this Court.

As to whether the original order was served on Nance or not, we do not think makes any difference, as these are not proceedings to attach for contempt. The judgment of the Court is that the motion is refused.