STATE *EX REL.* BRUCE v. RICE.

1. INJUNCTION.—AN ASSOCIATE JUSTICE of this Court has power to suspend the operation of a restraining order pending appeal therefrom.

2. CONTEMPT.—If an order to which civil contempt proceedings are attached as an incident is set aside, the contempt proceedings fall with it.

3. INJUNCTION—OFFICERS—CONTEMPT.—The Court has no authority to restrain *de facto* public officers on a rule to show cause from the

exercise of public functions pending trial of title to the office, and disobedience by such officers of an order issued without jurisdiction is not contempt of Court.

Before TOWNSEND, J., Union, August, 1902. Reversed.

Action by W. W. Bruce, as intendant of town of Carlisle, *et al.,* against J. G. Rice, acting intendant of said town, *et al.* From Circuit order, defendants appeal.

*Mr. J. Clough Wallace,* for appellants, cites: *Associate Justice has authority to restrain operation of Circuit order:* 8 S. C., 344; 49 S. C., 324, 325; 2 S. C., 451. *Judge had no power to issue order, and its disobedience is not contempt:* 15 S. C., 552; 2 S. C., 81; 33 S. C., 612; 2 S. C., 445; 15 Ency., 170, 178; 2 High on Inj., secs. 1326, 1425; 9 Ency. P. & P., 1060; 17 Ency. P. & P., 416 b, 413 n, 1; 33 S. C., 612.

*Messrs. C. P. Sanders, James Munro* and *B. F. Townsend,* contra. *This appeal is now speculative, since official term of all parties has expired:* 29 S. C., 1.

July 29, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order of Judge Townsend, dated August 1, 1902, adjudging defendants-appellants in contempt of Court for disobedience of his order of June 3, 1902, made in the above entitled action. The action was by summons and complaint, wherein it was sought to have determined who was entitled to the office of intendant and wardens of the town of Carlisle, and the order of June 3, 1902, required defendants to show cause before him at chambers on a day named by what authority they had exercised the duties of intendant, wardens, clerk and treasurer, and why they should not be restrained from further exercising such duties as officers and in the meantime restraining them from exercising the duties of said offices

until further order of the Court. This order was appealed, and after filing of the return with the clerk of this Court, appellants obtained from Associate Justice Eugene B. Gary, on June 4, 1902, an order suspending the operation and effect of the said order of injunction during the pendency of the appeal therefrom. That appeal was heard by this Court, and on April 7, 1903, decree was rendered reversing the said order of June 3, 1902: (1) because the complaint did not state a cause of action against the defendants, and would not support the rule to show cause and the restraining order; (2) because a rule to show cause and a restraining order are not proper in actions like this, involving title to public office, wherein the issues are to be made by summons and complaint; and (3) because sec. 240 of the Code of Procedure does not give power to issue such restraining order, and equity will refuse to enjoin officers *de facto* from exercising the functions of their office pending a litigation to determine their title, because of a public interest which requires that some one shall continue to exercise the duties of a public office pending such litigation. *State ex rel. Bruce* v. *Rice,* 66 S. C., 1. In the meantime, however, upon a rule to show cause for that purpose, to which defendants made return, alleging want of authority to issue the order of June 3, 1902, and calling attention to the suspending order of Associate Justice Gary, his Honor, Judge Townsend, on August 1, 1902, adjudged defendants in contempt for disobedience of his order by continuing to exercise the duties of said offices. Judge Townsend, however, did not impose any punishment upon defendants, but only required that they forthwith restore the *status quo* as it existed on June 3, 1902, and that they abstain from further violations of said order. We will not consider the exceptions in detail, but will state the principles which require that the order appealed from be reversed.

First. An Associate Justice of this Court has power to suspend the operation of a restraining order pending an appeal therefrom, after return has been filed in this Court.

*Matthews* v. *Nance,* 49 S. C., 324, 27 S. E., 100;
*Salinas* v. *Aultman,* 49 S. C., 325, 127 S. E., 385.

The effect of the order of Associate Justice Gary was to leave defendants free to exercise the duties of the office, of which they were, at least, *de facto* officers, pending the appeal. It was, therefore, error to adjudge them in contempt for discharging such official functions after the order of Associate Justice Gary.

Second. The alleged contempt in this case falls under the class of civil contempt, as it consisted in the failure to do something ordered to be done for the benefit or advantage of the opposite party in a civil proceeding, and the object of the process was not punishment. If the order to which the civil contempt proceedings attached as an incident is set aside for any cause, the proceedings in civil contempt fall with it. *Pelzer, Rogers & Co.* v. *Hughes,* 27 S. C., 408, 3 S. E., 781; *State* v. *Nathans,* 49 S. C., 207, 27 S. E., 52.

Third. The order of June 3, 1902, was not merely irregular or erroneous, but was without authority, as the Court had no power to restrain *de facto* public officers in the exercise of public functions on a mere rule to show cause, pending the trial of title to the office. *State ex rel. Bruce* v. *Rice,* 66 S. C., 1. The authorities all agree that disobedience of an order issued without jurisdiction is not a contempt of Court. *State* v. *Nathans,* 49 S. C., 226, 27 S. E., 52; *James* v. *Smith,* 2 S. C., 183; 7 Ency. Law, 2 ed., pp. 56-57, and numerous cases cited in the notes.

The judgment of the Circuit Court is reversed.

MR. JUSTICE WOODS *concurs in the result.*