### 8103

### McDOWELL v. BURNETT, COUNTY SUPERVISOR.

OFFICE—MAGISTRATE—MANDAMUS—PARTIES.—It being admitted by the demurrer in this proceeding for mandamus that the petitioner has not the possession of the office of magistrate, but that another has, the Court will not require the salary to be paid him, but orders the petition amended so as to make the party in possession of the office a party to the proceeding, so that the title to the office may be adjudged herein. Where the facts are not in dispute the Court may adjudicate the right to an office in mandamus proceedings.

*The* CHIEF JUSTICE *and* MR. JUSTICE WATTS *think the Governor had the right to remove the incumbent without a hearing and appoint petitioner.*

Petition in the original jurisdiction of this Court by B. L. McDowell for writ of mandamus against T. C. Burnett, county supervisor, and F. Graham Payne, county treasurer, to require them to pay petitioner the salary of the office of magistrate for Greenwood county.

*Mr. D. H. Magill,* for petitioner.

*Messrs. Giles & Ouzts,* contra.

February 26, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this application for a writ of mandamus requiring the respondents to pay to the petitioner the salary attached to the office of magistrate for the city of Greenwood, the petitioner alleged: "That on the ———: day of ———, 1910, W. G. Austin, who was a magistrate duly appointed and qualified for Greenwood, in the county of Greenwood, died, and thereafter, to wit, on the ——— day of February, 1910, W. H. Kerr was appointed, pursuant to the statute in such case made and provided, to fill the vacancy occasioned by the death of the said W. G. Austin, as magistrate at Greenwood, and entered upon and held such office, until the adjournment of the General Assembly, at the regular session next after such appointment, to wit, the adjournment of the regular session of the year, 1911, when, his term having expired by law, J. W. Canfield was duly appointed and commissioned as magistrate for Greenwood by the Governor, duly qualified and entered upon the duties of said office, and, on the ——— day of May, 1911, the said J. W. Canfield resigned the office of magistrate at Greenwood, whereupon, on the 8th day of May, 1911, the Governor appointed and commissioned your petitioner, to fill the unexpired term of the said J. W. Canfield, as magistrate for Greenwood, and your petitioner duly qualified as such magistrate and entered upon the duties of said office."

An order to show cause having been issued, the respondents made the following return:

"That they deny each and every allegation and statement made in said petition, not hereinafter admitted.

"That W. H. Kerr was duly appointed and commissioned on January 27, 1910, by the Governor of this State, magistrate at Greenwood, for the unexpired term of W. G. Austin, deceased, and until his successor was appointed and qualified.

"That at the regular session of the General Assembly of this State for the year 1911, W. H. Kerr was duly recom-

26—90

mended by the Senate to the Governor for reappointment, and the Governor, in disregard of the advice and consent of the Senate, appointed and commissioned J. W. Canfield, magistrate at Greenwood.

"That the said W. H. Kerr refused to surrender the said office to J. W. Canfield, but held the same office of magistrate, and continued to hold the same, and to perform the duties thereof.

"That subsequently the said J. W. Canfield was appointed by the Governor, auditor of Greenwood county, and upon his acceptance of said office, the Governor thereupon appointed and commissioned the petitioner, B. L. McDowell, and the said W. H. Kerr refused to surrender the said office to the petitioner and he has continued to hold the said office and to perform the duties thereof."

The petitioner demurred orally to the return, so that the question is whether, taking as true the allegations of the return, the writ of mandamus should issue requiring the salary to be paid to the petitioner.

By the return it appears that W. H. Kerr was the legally appointed magistrate before the appointment of Canfield and the subsequent appointment of the petitioner by the Governor, and that Kerr still claims to be the magistrate, and is exercising the duties of the office, that the respondents have no interest in the controversy, and that Kerr is not a party to these proceedings.

The first inquiry is whether the Court should in any case issue its writ of mandamus requiring the salary attached by law to an office to be paid to one of two claimants of the office, before the right to the office and the salary has been determined by *quo warranto* or the statutory action provided by section 424 of the Code of Procedure.

There is no doubt that the writ of mandamus may be issued to compel recognition by one officer of the official character of one in possession of an office as a *de facto* officer. In *Delgado* v. *Chaves,* 140 U. S. 586, 35 L. Ed.

578, the petitioners had been adjudged to be *de facto* county commissioners and the probate clerk whose duty it was to record the proceedings of the board of county commissioners refused to record the proceedings of the petitioners or to recognize them as county commissioners, on the ground that other persons claimed to be *de jure* commissioners.

It was held that the petitioners were entitled to the writ of mandamus requiring recognition of their official character by recording their proceedings. The decision was based on the ground that the public interests require that the duties of an office shall be performed and that those who are in possession as *de facto* officers must be recognized or entitled to perform such duties until they are legally ousted by other claimants under proper proceedings. The doctrine of the case is obviously sound and it has been generally recognized. The principle was applied in State *ex rel. Bruce* v. *Rice,* 66 S. C. 1, 44 S. E. 963; 67 S. C. 236, 45 S. E. 153, where ·it was held that the Court should not restrain *de facto* public officers in the exercise of public functions on a mere rule to show cause pending the trial of title to the office.

But a very different principle is involved when the Court is asked to issue its writ of mandamus to require the salary attached to a public office to be paid to one of the claimants of the office. There is only one salary, and as between the two claimants it belongs by law to the rightful claimant, the *de jure* officer; and necessarily when the Court orders the salary to be paid to one of the claimants it decides against the other claimant. *Hagan* v. *City of Brooklyn* (N. Y.), 27 N. E. 265; *Lee* v. *Mayor of Wilmington* (Del.), 40 Atl. 663.

The Courts in the public interest may by mandamus require the recognition of the actual incumbent of a public office in order that the public business may be transacted, even without requiring an adverse claimant to be made a party, because in doing so it does not adjudicate the· right of

the adverse claimant, but leaves him to test his right in another proceeding.  But it seems perfectly clear that no Court should in a mandamus proceeding indirectly adjudge one of two claimants to be entitled to an office by ordering the salary paid to him without having the other claimant before it as a party to the proceeding.   There may be exceptions to this rule where it is perfectly clear that the adverse claim is merely pretensive or where the adverse applicant for the writ of mandamus is clearly the actual incumbent and has performed the duties of the office and the adverse claimant has failed to institute proper proceedings to assert his right after full opportunity to do so.   But the Court would be going to extreme lengths in holding that a claim to office based on the action of the State Senate was so clearly pretensive, that the title to the office may be adjudged to be in the petitioner without allowing the claimant under the authority of the Senate an opportunity to be heard in support of the legality of the Senate's action.  This is not the case of a person demanding a mandamus for the payment of his salary on a showing that he is the sole incumbent of the office performing its duties and having in possession the rooms and records appertaining to the office.   On the contrary it appears by the return that Kerr entered upon the office under a valid appointment, that he has refused to surrender and still holds the office and performs the duties thereof.

If this were all it would seem clear that the Court should not adjudge the claim of Kerr to be invalid and practically oust him as incumbent from the office without allowing him an opportunity to be heard.   But it not only appears that Kerr is exercising the duties of the office, but the Court must, under the demurrer, take as true the denial found in the return that the petitioner is exercising the duties of the office of magistrate.   The case then comes to this inquiry— will the Court by its writ of mandamus order the respondents to pay the salary of magistrate to one who claims the

office under a commission but is not exercising its duties, and thus adjudge such claimant to be the lawful magistrate without giving another claimant who is the actual incumbent refusing to surrender the office and performing the duties an opportunity to be heard? To this inquiry we are unable to see how anything but a negative answer could be proposed.

We do not think, however, it follows from this conclusion that the proceedings should be dismissed; on the contrary, Kerr should be made a party and the whole controversy determined. It is true the general rule is that Courts will not adjudge the title to public office in a mandamus proceeding when the parties have another adequate remedy. *Runion* v. *Latimer,* 6 S. C. 126. Many of the authorities so holding are collected in High on Extraordinary Legal Remedies, section 49, and in the note to *State* v. *Gardner,* 98 Am. St. Rep. 88. There may be sound reason for the rule where the facts are in dispute, for issues of fact might be more conveniently tried by an action instituted under the Code of Procedure to test the title of office. But where the facts do not seem to be in dispute and the issue is one of law only, no good reason is apparent why the Court may not settle the right to an office under proceedings in mandamus as well as in any other proceeding. To hold otherwise would be to attach too great importance to the mere form in which an issue is presented to the Court. It concerns the public peace and safety that this unfortunate controversy should be settled. The preservation of law and order depends in large degree on the office of magistrate and it is of great public importance that his authority in the community should be unquestioned. The conclusion that the right to the office under such conditions as here exist should be adjudicated in mandamus proceedings is supported by high authority. *Luce* v. *Board of Examiners,* 153 Mass. 108, 26 N. E. 419; *Keough* v. *Board of Alder-*

*men* (Mass.), 31 N. E. 387; *Lawrence* v. *Hanley,* 48 Mich. 399, 47 N. W. 753.

It is therefore ordered that W. H. Kerr be made a party to these proceedings and that he be allowed to make his answer to the petition within ten days after the service of the petition on him, and that all questions relating to the merits be in the meantime reserved.

Mr. Justice Hydrick *concurs.*

Mr. Justice Fraser.    I concur because I do not think this Court can pass upon the right of removal in a proceeding to which the officer removed (if he was removed) is not a party.

Mr. Justice Watts, *dissenting.*    This is an application to the Court, in the exercise of its original jurisdiction, for a writ of mandamus, requiring the respondents to pay the salary alleged to be due the petitioner, as magistrate for Greenwood.

The allegations of the petition, material to the questions involved, are as follows:

"That on the ———day of ———, 1910, W. G. Austin, who was the magistrate duly appointed and qualified for Greenwood, in the county of Greenwood, died, and thereafter, to wit, on the ——— day of February, 1910, and during the regular session of the General Assembly for the year 1910, W. H. Kerr was appointed, pursuant to the statute in such case made and provided, to fill the vacancy occasioned by the death of the said W. G. Austin, as magistrate at Greenwood, and entered upon and held said office, until the adjournment of the General Assembly, at the regular session next after such appointment, to wit, the adjournment of the regular session of the year, 1911, when, his term having expired by law, J. W. Canfield was duly appointed and commissioned as magistrate, for Greenwood county by the Governor, duly qualified and entered upon the duties of

said office, and, on the ——— day of May, 1911, the said J. W. Canfield resigned the office of magistrate at Greenwood, whereupon, on the 8th day of May, 1911, the Governor appointed and commissioned your petitioner, to fill the unexpired term of the said J. W. Canfield, as magistrate for Greenwood, and your petitioner duly qualified as such magistrate and entered upon the duties of said office."

The return of the respondents is as follows:

"That they deny each and every allegation and statement made in the said petition, not hereinafter admitted.

"That W. H. Kerr was duly appointed and commissioned on January 27, 1910, by the Governor of this State, magistrate at Greenwood, for the unexpired term of W. G. Austin, deceased, and until his successor was appointed and qualified.

"That at the regular session of the General Assembly of this State for the year 1911, W. H. Kerr was duly recommended by the Senate to the Governor for reappointment, and the Governor, in disregard of the advice and consent of the Senate, appointed and commissioned J. W. Canfield magistrate at Greenwood.

"That the said W. H. Kerr refused to surrender the said office to J. W. Canfield, but held the same office of magistrate, and continued to hold the same, and to perform the duties thereof.

"That subsequently the said J. W. Canfield, was appointed by the Governor, auditor for Greenwood county, and upon his acceptance of said office, the Governor thereupon appointed and commissioned the petitioner, B. L. McDowell, and the said W. H. Kerr refused to surrender the said office to the petitioner, and he has continued to hold the said office and to perform the duties thereof."

Section 20, article V of the Constitution contains this proviso: "A sufficient number of magistrates, shall be appointed and commissioned by the Governor, by and with the advice and consent of the Senate, for each county, who shall hold

their office for the term of two years, and until their successors are appointed and qualified."

Section 27, article III of the Constitution is as follows: "Officers shall be removed for incapacity, misconduct, or neglect of duty, in such manner as may be provided by law, when no mode of trial or removal is provided in this Constitution."

Section 4, article XV, is as follows: "For any wilful neglect of duty, or other reasonable cause, which shall not be sufficient ground of impeachment, the Governor shall remove any executive or judicial officer, on the address of two-thirds of each house of the General Assembly: *Provided,* That the cause or causes for which said removal may be required, shall be stated at length in such address and entered on the Journals of each house: *And provided, further,* That the officer intended to be removed, shall be notified of such cause or causes, and shall be admitted to a hearing in his own defense, or by his counsel, or by both, before any vote for such address; and in all cases, the vote shall be taken by yeas and nays, and be entered on the Journal of each house respectively."

Conceding that section 4, article XV of the Constitution provides a remedy for the removal of a minor officer such as a magistrate, it is not inconsistent with the provisions of section 27, article III of the Constitution. If the remedy afforded by section 4, article XV, had been intended to be exclusive, there would have been no necessity for section 27, article III of the Constitution. The law favors a construction that will give force and effect to all the provisions of a Constitution, rather than an interpretation, that would render nugatory, another part thereof.

After the adoption of the Constitution, a statute was enacted, providing that "the Governor shall have authority, by and with the advice and consent of the Senate, to appoint magistrates in each county of the State, who shall hold their office for the term of two years, and until their successors

are appointed and qualified. Such magistrates may be suspended by the Governor for incapacity, misconduct, or neglect of duty; and the Governor shall report any suspension, with the cause thereof, to the Senate at its next session, for its approval or disapproval." Code of Laws, section 982. Also, that "the Governor shall have authority, by and with the advice and consent of the Senate, to fill any vacancy caused by death, removal, or otherwise, of any magistrate for the unexpired term." Code of Laws, section 983. Also that "in the event of a vacancy, at any time, in any of the offices of any county of the State, whether from death, resignation, disqualification, refusal or neglect to qualify, of the person elected or appointed thereto, expiration of the term of office, removal from the county, or from any other cause, the Governor shall have full power to appoint some suitable person who shall be an elector of the county, and upon duly qualifying according to law shall be entitled to enter upon and hold the office, to which he has been appointed, if it be an elective office, until the next general election, when an election shall be held to fill the unexpired term, and the officer so appointed or elected, shall hold office for the term of said election or appointment, and until his successor shall qualify; and if it be an office which was filled originally by appointment, until the adjournment of the General Assembly, at the regular session next after such appointment; and shall be subject to all the duties and liabilities incident to said office during the term of his service therein." Code of Laws 254. Also that "the Governor, by and with the advice and consent of the Senate, shall appoint the following officers: * * * magistrates * * *. Any vacancy which may happen in any of the said offices, during the recess of the Senate, may be filled by the Governor, who shall report the appointment to the Senate at its next session, and, if the Senate do not advise and consent thereto, at such session, the office shall be vacant." Code of Laws, section 624.

Also that, "the following officers shall be appointed by the Governor: * * *. Any vacancy in a county office, by reason of death, resignation, refusal or neglect to qualify, of the person elected or appointed thereto, expiration of the term of office, or any other cause. The person so appointed to hold his office, in all cases in which the office is elective, until the next general election, and until his successor shall qualify; and, in cases of offices which are originally filled by appointment and not by election, until the adjournment of the session of the General Assembly, next after such vacancy has occurred.

"The Governor may remove for cause any person so appointed by him to fill such vacancy." * * * Code of Laws, section 625.

Turning to the statutory provisions hereinbefore mentioned we find in section 982, that magistrates may be suspended by the Governor for incapacity, misconduct or neglect of duty; and, in section 625 that the Governor may remove for cause any person appointed by him to fill a vacancy.

These two sections must be construed together, and confer upon the Governor the power to suspend or remove a magistrate for certain causes, to wit, incapacity, misconduct or neglect of duty.

But there is no statute providing that the magistrate is entitled to a hearing before he can be removed.

In the case of *State* v. *Ansel*, 76 S. C. 395, 57 S. E. 185, this Court had under consideration, the power of the Governor to remove certain dispensary commissioners without affording them an opportunity to be heard, before removing them from office.

In that case the Court used the following language:

"Art. III, sec. 27, of the Constitution, provides: 'Officers shall be removed for incapacity, misconduct, or neglect of duty in such manner, as may be provided by law, when no mode of trial or removal is provided in the Constitution.'

"As no mode of trial or removal is provided in the Constitution applicable to dispensary officers, it is clear that the legislature, under the section above quoted, had plenary power to provide for the removal of dispensary officers with or without trial.  Section 556, Criminal Code, provided, that 'the term of office of the members of said board (directors of the State dispensary) shall be for two years, unless sooner removed by the Governor.'  In the absence of any direction, as to the particular procedure, by which removal was to be made, the statute conferred on the Governor, the power to remove at his discretion, under such procedure as he chose to adopt, for his own satisfaction.  It is not contended that the Governor had no power of removal in this case, but the objections go to the manner in which he exercised his jurisdiction.  If, however, he had discretion to remove without a hearing, petitioners were not denied any legal right, but received favor in so far as they were allowed opportunity to make defense, after notice and specification of charges.  They accepted their office subject to the power of summary removal by the Governor."

We see no difference in principle between that and the present case touching this question.

Our conclusion is, that the petitioner is entitled to the writ of mandamus, and that it should be so adjudged.

MR. CHIEF JUSTICE GARY *concurs.*