PEOPLE *v.* DEN UYL.

APPEAL OF HEMANS.

1. CONTEMPT—DISMISSAL OF PRINCIPAL CASE—ABATEMENT OF CONTEMPT.

> Where witness who had testified at grand-jury proceeding which resulted in the issuance of warrants against certain defendants, refused to testify at their preliminary examination on ground of privilege against self-incrimination and his traveling in interstate commerce to avoid giving testimony in such case and continued refusal to testify eventually resulted in dismissal of warrants against such defendants, and the examining magistrate held witness in contempt indefinitely until submission to answering questions propounded to him or be discharged according to law, the dismissal of the principal case abated the contempt proceeding since he could not purge himself.

2. SAME—WARRANT OF COMMITMENT.

> Where continued refusal of witness, presently serving sentence in a Federal prison for traveling in interstate commerce to avoid giving testimony in a criminal case, to testify at preliminary examination in such case eventually resulted in dismissal of the prosecution and precluded the possibility of the witness purging himself of contempt, the warrant of commitment for an indefinite term is dismissed without affecting any other case in which a warrant of arrest of the witness has been or may hereafter be issued (Court Rule No. 72, § 1 [1945]).

Appeal from Ingham; O'Hara (Chester P.), J., presiding. Submitted October 15, 1948. (Docket No. 57, Calendar No. 44,076.) Decided January 13, 1949.

Charles F. Hemans, a witness for the people, was found guilty of contempt of court for failure to tes-

tify and a warrant was signed. Witness Hemans appeals. Reversed.

*O. R. McGuire* and *William G. Comb* (*Ivy Lee Buchanan,* of counsel), for Hemans.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Richard B. Foster,* Special Assistant Prosecuting Attorney, for the people.

BUTZEL, J. Appellant, Charles F. Hemans, upon being granted leave, appealed from a finding made by a circuit judge, sitting as an examining magistrate in the circuit court for the county of Ingham in the case of *People* v. *Den Uyl,* and holding that appellant was guilty of contempt of court. In a separate motion, filed in this Court, appellant also seeks a dismissal of the warrant of commitment.

The facts leading up to the final hearing in *People* v. *Den Uyl,* are fully set forth in *People* v. *Den Uyl* (*In re Hemans*), 318 Mich. 645 (2 A. L. R. [2d] 625), *People* v. *Den Uyl,* 320 Mich. 477, and, also, in *Hemans* v. *United States* (C. C. A.), 163 Fed. (2d) 228, certiorari denied by United States supreme court, 332 U.S. 801 (68 Sup. Ct. 100, 92 L. Ed. 380). They show a history of double dealing and criminal action by appellant who is now serving a term in the Federal penitentiary for the crime of leaving the State of Michigan and traveling in interstate commerce with the intent to avoid giving testimony in the very case out of which the citation for contempt was subsequently made. See 320 Mich. 477, 482. Appellant had originally testified in a one-man grand jury investigation that culminated in the issuance of warrants in the case of *People* v. *Den Uyl,* and he was granted immunity from prosecution for participa-

tion in the conspiracy to bribe charged in that case. See 318 Mich. 645, 320 Mich. 477, and 163 Fed. (2d) 228, hereinbefore cited. At one of the previous hearings before the examining magistrate, the appellant refused to testify on the ground of self-incrimination as the Federal prosecution against him had not been finally disposed of because of a pending appeal, and this Court affirmed the magistrate's upholding of appellant's claim of privilege against self-incrimination at that time. For a terse statement we quote from the syllabus in *People* v. *Den Uyl* (*In re Hemans*), 318 Mich. 645:

"Witness who was called to testify at a preliminary examination before circuit judge sitting as an examining magistrate after the witness had been charged and convicted under yet pending prosecution under the Federal fugitive witness act was entitled to invoke his privilege against self-incrimination accorded by the State Constitution where an affirmative answer to questions propounded might have tended materially to establish 'an intent' on his part by leaving the State to avoid giving testimony in the prosecution of a felony irrespective of whether his action in so doing is in good or bad faith, notwithstanding that prior to inception of events giving rise to the Federal prosecution he had testified under a grant of immunity before a one-man grand jury which indicted defendants but at whose subsequent preliminary examination he refused to testify (Const. 1908, art. 2, § 16; 18 USCA, 1946 Cum. Supp. § 408e)."

After the denial of certiorari by the United States supreme court, 332 U. S. 801 (68 Sup. Ct. 100; 92 L. Ed. 380), finally disposing of the appeal from the conviction in the Federal case, Hemans again was brought before the examining magistrate at an adjourned hearing and was called upon to testify. He again refused, first by saying he did not remember

and then by claiming a privilege against self-incrimination on various grounds which in view of the disposition of the instant appeal, we need not discuss. The examining magistrate denied Hemans' claim of privilege and overruled his objections, ordered him to answer certain specific questions propounded, and on his continued refusal to answer, adjudged him guilty of contempt of court, and issued a warrant for his arrest and commitment "to the common jail of Ingham county until he submits to answer such questions or be discharged according to law." The following questions, which Hemans finally refused to answer, are set out in the warrant as follows:

"Did you, Mr. Hemans, between January 1, 1941, and December 31, 1941, enter into an understanding and agreement with one, Simon D. Den Uyl, to cooperate with and assist him and other persons whom he represented and with whom he was associated or cooperating with to influence, by certain methods, including the payment of money to legislators of the State of Michigan, to influence their actions and vote upon legislation restricting branch banking in the State of Michigan, and did you subsequently act upon this agreement?

"Did you, subsequent to the 30th of April, 1941, receive any moneys from any of the defendants in this case for the purpose of paying legislative defendants with a design of influencing their vote or action upon the bank bill then pending before the Michigan legislature?

"Did you receive any moneys from any of the defendants in this case to pay legislative defendants in this case for the purpose of influencing their vote or action upon the bank bill during the 1941 session of the legislature?

"I also invite your attention, Mr. Hemans, to that portion of Mr. Garey's affidavit that we have previously referred to, referring to Mr. Ballard, on the

second page, and without regard to what you may have said to Mr. Garey, because I am not inquiring as to that, I will ask you if, after the grand jury proceedings were commenced, which was in August of 1943, you had a telephone conversation with Mr. Ballard?

"For the purpose of refreshing your recollection, do you recall an occasion when you were in the office of the Bohn Aluminum & Brass Company in Detroit in approximately May of 1941, discussing with Mr. Den Uyl activities that you had performed for him and moneys that you had paid for him to legislators of the State of Michigan for the purpose of influencing their vote and action on the 1941 bank bill?"

The hearing before the examining magistrate had been adjourned from time to time because of the refusal of Hemans to testify. It was claimed by the prosecution that he was a necessary and essential witness. After eight continuances extending over a period of 18 months, this Court held that defendants, Den Uyl, et al., were entitled to a speedy hearing, and so issued a writ of mandamus directing the examining magistrate to proceed with and complete the examination within 60 days, or otherwise to dismiss the charges and discharge the defendants. See *People* v. *Den Uyl,* 320 Mich. 477. As Hemans persisted in his refusal to answer the questions propounded and the prosecution could not proceed without such testimony, there was no other alternative but to dismiss the charges and discharge the defendants. The trial judge did this while proceedings in regard to the instant appeal in the contempt proceedings were pending in this Court. The order dismissing the case of *People* v. *Den Uyl,* and discharging the defendants, by stipulation, has been included in the record certified by the circuit judge.

The attorneys for the people and for appellant Hemans, while disagreeing as to Hemans' right to refuse to answer the questions on the grounds alleged by him, do agree that this question is now moot and there are no longer any legal rights of the appellant involved, that the dismissal of the principal case abates the contempt proceeding, and that the order of commitment has by its express terms become unenforceable. See *In re Hall,* 10 Mich. 210; *United States* v. *Collins,* 146 Fed. 553, and the annotation in 28 A. L. R. 1364. Therefore the instant appeal from the order finding appellant guilty of contempt is dismissed.

However, in a motion filed in this Court, the appellant has asked that the warrant of commitment be dismissed. A similar motion was made in the court below at the time of the dismissal of the case against the defendants, but the circuit judge declined to pass on it because the leave for appeal had been granted and the case was before this Court. The prosecution contends the warrant should not be dismissed in this Court except as a matter of grace, and urges that Hemans is not entitled to such gracious act. We agree with the latter part of the statement. It should be noted that this is not a case where the court ordered petitioner because of his contumacious conduct to be committed for a definite term, the court having power in its discretion to permit petitioner to purge himself of contempt of court during the term of such imprisonment, but, on the other hand, the order of commitment was for no definite term but only until "he submits to answer such questions or be discharged according to law." Obviously he cannot purge himself by answering any questions, as the case is ended.

We do not pass on whether the order of commitment was properly issued in the first place, but the subsequent dismissal of the main case compels the

dismissal of the warrant of commitment. Therefore in view of the motion before the court and the powers of this Court under Court Rule No. 72 (1945) and especially part ⟨g) thereof, we hold that an order should be entered dismissing this appeal and stating therein that because of the contumacious conduct of Hemans, an essential witness, in his refusal to testify, the main case has been dismissed, and for that reason and not in exculpation of his conduct, the warrant of commitment is also dismissed. Such dismissal shall in no way affect any other case in which a warrant of arrest has been or may hereafter be issued.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.

CARR, J., did not sit.