0559

Ricky Edward CLAMP, Respondent, v. Vernon HALL and Faye Hall, Appellants. Ex parte Vernon HALL.

(335 S. E. (2d) 815)

Court of Appeals

*William P. Walker, Jr.*, Lexington, *for appellants.*

*Jean L. Perrin,* of *Rogers, Duncan, Fullwood & Perrin,* Lexington, *for respondent.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Pope Brooks Shealy, Jr.,* of Columbia, *amicus curiae.*

Heard Sept. 16, 1985.

Decided Oct. 14, 1985.

GOOLSBY, Judge:

The question raised by Vernon Hall in his appeal to this court is whether the family court erred in finding him in contempt of court for refusing to answer questions concerning his knowledge of the whereabouts of his daughter Linda Hall Clamp. Having determined Hall's appeal is now moot, we do not reach this question and remand the case to the family court.

The underlying action to the proceeding in which Hall was cited for contempt was a custody dispute between Hall's daughter and her estranged husband Ricky Clamp over their minor son David. The family court awarded custody of David to Ricky *pendente lite.* Shortly afterward, Linda took the child and went into hiding. An arrest warrant was issued charging her with commission of the felony of removing a child from the state in violation of a court order. *See* S. C. Code of Laws § 16-17-495 (1976).

In November, 1982, Ricky joined Hall and Hall's wife as parties to the pending custody action. He served them with a rule to show cause and petition requiring them to appear before the family court and give testimony concerning their knowledge of Linda's and David's whereabouts.

At a hearing held on April 14 and 18, 1983, Ricky's counsel questioned Hall concerning his knowledge of where Linda was staying. Hall refused to answer counsel's questions and asserted the fifth amendment. He contended his answers to questions regarding Linda's whereabouts might tend to incriminate him and lead to his arrest as an accessory to a felony.

The family court found Hall's assertion of the fifth amendment privilege was invalid and held him in contempt. It ordered Hall imprisoned until he purged himself of the contempt by testifying under oath and answering all questions put to him concerning Linda's and David's whereabouts.

The family court's order holding Hall in contempt was thereafter superseded by the Supreme Court. Hall was re-

leased from custody until an appeal from the family court's order adjudging him in contempt could be heard and determined.

Several days after the hearing, law enforcement authorities apprehended Linda and returned David to Ricky's custody. Some months later, Linda and Ricky were divorced, the custody issue was resolved, and the underlying action was dismissed.

Because Linda and David were located and the custody action is no longer pending, we must determine whether the resolution of the underlying action made the contempt proceedings moot and, consequently, render it unnecessary for us to decide whether Hall validly exercised his fifth amendment privilege against self-incrimination.

The family court expressly adjudged Hall guilty of civil contempt. Hall, however, contends he was found guilty of criminal contempt.

Our Supreme Court distinguished between civil and criminal contempt in *State v. Nathans*, 49 S. C. 199, 27 S. E. 52 (1896). *Viz.:*

> "Civil contempts are those *quasi* contempts which consist in failing to do something which the contemner is ordered by the court to do for the benefit or advantage of another party to the proceeding before the court, while criminal contempts are all those acts in disrespect of the court or of its process, or which obstruct the administration of justice, or tend to bring the court into disrepute, such as disorderly conduct, insulting behavior in the presence or immediate vicinity of the court, or acts of violence which interrupt its proceedings; also disobedience or resistance of the process of the court, interference with property in the custody of the law, misconduct of officers of the court. . . ."

49 S. C. at 207, 27 S. E. at 55.

Sanctions for contempt, of course, may entail imprisonment; however, imprisonment for contempt can be remedial as well as punitive. *Gompers v. Buck's Stove & Range Co.*, 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797 (1911). If the punishment is remedial and for the benefit of the complain-

ant, the contempt is civil contempt. *Id.* Further, imprisonment for contempt is civil where the imprisonment is "clearly intended to operate in a prospective manner — to coerce, rather than punish." *Shillitani v. United States*, 384 U. S. 364, 370, 86 S. Ct. 1531, 1535, 16 L. Ed. (2d) 622, 627 (1966).

Here, the family court imprisoned Hall to coerce him into testifying and not to punish him. Hall held, as they say, "the keys to the jailhouse door in his pocket" in that if he testified he would be immediately released from imprisonment. Plainly, the family court intended the imprisonment to operate prospectively and to assist Ricky in the underlying custody dispute with Linda.

Hall's imprisonment, therefore, was for civil contempt and not for criminal contempt as he maintains. Because the contempt here was civil and the underlying controversy has been resolved, the contempt proceedings have also terminated. *State ex rel. Bruce v. Rice*, 67 S. C. 236, 45 S. E. 153 (1903); *see State v. Nathans, supra; Pelzer, Rodgers & Co. v. Hughes*, 27 S. C. 408, 3 S. E. 781 (1887). Obviously, the apprehension of Linda, the finding of David, and the resolution of the custody dispute between Linda and Ricky obviated the need for Hall's testimony regarding Linda's and David's whereabouts.

With no actual controversy, which is essential to appellate jurisdiction, still in existence, Hall's appeal is now moot. *Eastman v. Dole*, 213 Ill. App. 364 (1919).

While no case in South Carolina is precisely in point, courts elsewhere have held the termination of the underlying action renders moot the appeal of a civil contempt judgment based upon the contemner's assertion of his fifth amendment rights. *People v. Den Uyl*, 323 Mich. 490, 35 N.W. (2d) 467 (1949); *Ex parte Johnson*, 137 Tex. Crim. 433, 131 S.W. (2d) 971 (1939); *see In re Grand Jury Proceedings. Appeal of Robert W. Brown, Witness*, 574 F. (2d) 445 (8th Cir. 1978).

We therefore remand the case to the family court with instructions that it vacate the contempt order against Hall.

At our request, the Attorney General filed an *amicus curiae* brief on the issue presented by Hall's appeal. Al-

though our opinion does not discuss this issue, we, nonetheless, appreciate the excellent brief submitted by the Attorney General.

Remanded.

SANDERS, C. J., and GARDNER, J., concur.