## EX PARTE JACK HILPOLD.

No. 6711.   Decided November 12, 1936.
(97 S. W., 2d Series, 947.)

*J. E. Edmondson,* of Beeville, *W. H. Betts* and *E. H. Davis,* of Hempstead, and *W. Owen Dailey,* of Houston, for relator.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This is an application by Jack Hilpold to the Supreme Court for a writ of habeas corpus, directed to the Sheriff of Waller County, alleging relator's illegal confinement and restraint of his liberty under an order of the Judge of the Special District Court of the 9th Judicial District adjudging him in contempt of court and directing that he be confined in the county jail of Waller County for the term of *Sixty* days and such term thereafter as he may refuse or fail to pay all costs of that proceeding, to the clerk of said court.   Said application was filed in the Supreme Court on April 3, 1934, and granted upon petitioner's giving bond in the sum of $100.00 to be approved by the sheriff of Waller County.   Said bond was so executed and approved on April 4, 1934.

The record submitted to us discloses a petition filed in the district court by Mrs. May Purvis Hilpold, this relator's wife but separated from him, alleging that there was born to that union, a child, Blanche Elizabeth Hilpold, about 20 months old, then in the custody of this relator at some place unknown to

petitioner; that the said Jack Hilpold is commonly and consistently under the influence of intoxicating liquor, is cruel and abusive and teaches the child to use obscene and profane words and language; she alleged that the child will be better cared for and receive better attention in her custody than she will receive in the father's custody. The petitioner prayed that custody of the child be decreed to her.

Said petition was filed February 23, 1934; service was had on relator, the same day, commanding him to produce said child before said district judge at the courthouse of Montgomery County, in Conroe, at 1 o'clock P. M. on February 27, 1934, and make return "upon said writ of habeas corpus." The trial court found that relator failed to so appear and produce the said child but that he had removed said child to Harris County "in disregard and contempt of an order of this court duly issued and served."

It appears that under date February 27, 1934, an order was entered placing the custody of said child in her said mother; on the same day, writ issued to the Sheriff or any Constable of Waller County directing him to take into his possession the body of said child and to deliver her into her mother's custody, which was accordingly executed by said sheriff on March 10, 1934.

On March 9, 1934, bench warrant issued directed to the sheriff of Waller County "or any other peace officer of Texas" commanding him to take into custody the said Jack Hilpold and him safely keep in the jail of Waller County and make due return thereof, in Conroe, Montgomery County, by bringing him before "this court to show cause why he has disobeyed the order of this court and show how you have executed the same."

The sheriff's return shows that he took said Jack Hilpold into custody in Harris County, on March 10, 1934, at 11:55 A. M., and kept him in the county jail of Waller County, in Hempstead, until March 12, 1934, when he was conveyed to Conroe, Montgomery County, and there brought before the judge of said special district court, whereupon the order adjudging him in contempt was entered. Commitment issued immediately was executed by the Sheriff of Waller County by "conveying Jack Hilpold, person and body, from Conroe, Texas, to Hempstead, Waller County, Texas, on the 12th day of March, A. D. 1934, and placing him, person and body, in the county jail of Waller County according to the Order of Commitment."

The costs of said proceeding were satisfied on March 15, 1934.

Relator's prayer is as follows, viz:—

"WHEREFORE, I pray your Honorable Court grant and issue a writ of Habeas Corpus to have me forthwith brought before your Honorable Supreme Court because the same is a constructive contempt and not an actual contempt, nor a continuous contempt, to the end that I may be discharged from such illegal confinement and restraint; that I have served in said Jail at Hempstead, Waller County, Texas, the term of more than three days and was not fined by the Court, and the Court costs have been satisfied.

"And Jack Hilpold prays that your Honorable Court grant him bail pending the hearing of the writ of Habeas Corpus."

### OPINION.

The order adjudging relator in contempt was made on March 12, 1934, and commitment issued thereunder immediately. The sheriff's return shows its execution on March 13, 1934, by confining relator in the county jail of Waller County, where he remained until released under writ of habeas corpus from this court, on April 4, 1934, a period of approximately 20 days.

Our Statute (Art. 1911, Rev. Stat., 1925) permits punishment for contempt, by the district court by fine not exceeding $100.00 and by imprisonment not exceeding three days. We hold that this statute is applicable in the present instance and relator having served more than three days in jail should be discharged.

This is not a case where a party is persistently defying the court's order or continually obstructing its proceedings; the child was before the court, its disposition determined and the court's order carried out. No pecuniary fine was assessed against relator and all costs have been paid. 9 Texas Jur., p. 610. This is not a case where at the time the commitment issued, the lawful orders of the court had not been obeyed (Ex parte Kottwitz, 117 Texas, at p. 585, 8 S. W. (2d) 508); the punishment was for a past offense, the orders of the court having been accomplished; the limitation of Art. 1911, Rev. Stat., 1925, upon the district court to punish for contempt in such a case clearly applies. Ex parte Kearby, 35 Texas Crim. Rep., 531, 34 S. W., 635.

For the reasons stated, the relator is discharged.

Opinion adopted by the Supreme Court November 12, 1936.