Ex Parte Glen Johnson (*cases consolidated*).

Nos. 20602, 20647. Delivered October 11, 1939.

The opinion states the case.

*Smith & Dowdy,* of McKinney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

These two above styled cases, relating to the same subject matter, are consolidated, and will be treated together.

It appears from the record in cause No. 20647 that one Melvin Johnson was held by complaint in the justice court of Precinct No. 1 of Collins County, Texas, charged with murder. It also appears that the appellant, Glen Johnson, was also held by complaint in the same court, charged as accessory to the murder of the same person. On the occasion of the examining trial of Melvin Johnson, the appellant herein, Glen Johnson was called to the witness stand by the State, and by the State interrogated. He was asked but one question, and he refused to answer such question, giving as his reason for such refusal that an answer thereto might incriminate him in the charge then being inquired into by the court. Whereupon the court entered its finding and judgment that such action upon the part of the appellant constituted a contempt of court, and he was committed to jail until he saw fit to purge himself of such contempt, this above order having been

entered on June 27, 1939. Thereafterwards, in cause No. 20602, this court granted Glen Johnson's request for the issuance of its writ of habeas corpus, and issued its order granting bail to this appellant, and setting the hearing for such cause at its first meeting in October, 1939, at which time both of such causes were submitted.

It now appears that the matter under inquiry in cause No. 20647, wherein this relator was held in contempt, has now passed from the jurisdiction of the examining court in that upon the conclusion of the testimony therein on June 27, 1939, the defendant Melvin Johnson was held to answer the charge filed therein, and was bound over to await the action of the grand jury at the September Term, 1939, of the district court of Collin County, Texas, and that at said term the grand jury indicted said Melvin Johnson, charging him with the murder, which was the subject of the investigation in which this relator was held in contempt; that the justice court of precinct No. 1 of Collin County, has now lost its jurisdiction in such examining trial by virtue of its function having therein terminated. It now appears that there are no proceedings pending wherein the relator could purge himself, if he desired to do so, of his alleged contempt. The law does not demand of a person that he do an impossible thing. There being no cause pending in which the applicant could purge himself of his alleged contempt, he should not be further held in custody, nor under bond on account of such order.

We are therefore of the opinion that the relator, Glen Johnson, should be discharged under both causes herein, and it is accordingly so ordered.