EX PARTE HULEN CARROLL, JR.
No. 8159. Decided November 17, 1943.
(175 S. W., 2d Series, 251.)

*Hulen Carroll, Jr.,* for relator.

*Hollis Massey,* of Columbus, for Mrs. Carroll.

Mr. Judge Hickman, of the Commission of Appeals, delivered the opinion for the Court.

This is an original habeas corpus proceeding instituted by Hulen Carroll, Jr., wherein he seeks release from an order of the district judge of Colorado County adjudging him to be in contempt of court and from a commitment issued in pursuance thereof. The application was granted by this court on September 20, 1943, and the case set for hearing on October 27, 1943. In granting the application the court ordered that the relator be released from the custoday of the sheriff upon his executing a bond in the sum of $500.00. The bond was executed, the relator released and the cause duly submitted on its merits on the day appointed. When the writ was granted this court was of the tentative opinion that the proceeding was void because requisite jurisdictional steps had not been taken. However, for reasons stated below it has now become unnecessary for us to decide whether or not the contempt order was void, and we therefore do not discuss that question.

The controversy stems back to a divorce proceeding instituted by Mrs. Laura Belle Carroll against the relator, Hulen Carroll, Jr., in the district court of Colorado County. During the pendency of that action the court entered an order awarding to the plaintiff, Mrs. Laura Belle Carroll, the care and custody of the minor children of the parties until a final hearing of the cause. That order was entered on February 19, 1943. The contempt order was entered on September 13, 1943. It adjudged realtor to be in contempt of court "* * * by reason of the fact that he has willingly and knowingly refused and now

refuses to obey an order of this court, made herein on the 19th day of February, 1943, wherein the custody of the two minor children of plaintiff and defendant * * * was awarded to the plaintiff, Laura Belle Carroll, during the pendency of this suit, * * *." The order did not assess any fine against him for such contempt; neither did it impose any jail sentence for a definite time, but was in this language: "* * * he is ordered to be imprisoned in the county jail of Colorado County, Texas, until he shall purge himself of contempt of this court by delivering to the plaintiff herein, Laura Belle Carroll, said minor children, and until he shall obey said order of this court."

On October 14, 1943, after this court ordered relator released on bond, the divorce suit was tried on its merits and a judgment entered in the district court of Colorado County granting the plaintiff's petition for divorce and awarding to her the care, custody and control of the minor children, with certain specified rights of visitation granted to relator. We are not advised by the record whether an appeal has been prosecuted from that judgment or whether, if such appeal has been prosecuted, a supersedeas bond has been executed in connection therewith, but under our view of the case that becomes immaterial to a decision of the question under consideration.

The relator was convicted of knowingly refusing to obey the order of February 19th, and was committed to jail until he should purge himself of contempt by delivering to his wife their said minor children "* * and until he shall obey said order of this court." When the final judgment on the merits of the divorce proceeding was entered, on October 14, 1943, the interlocutory order awarding the temporary custody of the children to their mother had fulfilled its function and accomplished its purpose. It had become functus officio. The only order of the trial court now in effect is the final judgment of October 14th. Relator is not charged with having violated that order, nor has he been committed to jail for disobeying it. The court, at the instance of Mrs. Carroll, has entered a final judgment which nullifies and brings to an end the interlocutory order which is the basis of the contempt proceeding and thereby has left the whole proceeding without any base upon which to stand. Had the court assessed a fine or a definite jail sentence against the relator, a different question might be presented. But that has not been done. The only sentence imposed upon him is the indefinite sentence of remaining in jail until he obeys the order of February 19th and that order now has no existence because the court has since brought it to an end. There is therefore no

way for the relator to purge himself. Were he now to deliver the children to his wife it would not be in obedience to the temporary order, but in execution of the final judgment, and it would hardly be contended that relator may be compelled in this proceeding to execute that judgment. The following cases are thought to support our holding herein: Ex parte Hilpold, 128 Texas 281, 97 S. W. (2d) 947; Ex parte Murray Jackson 95 Texas Crim. App. 200, 253 S. W. 287, 28 A. L. R. 1360; Ex parte Johnson, 137, Texas Crim. App. 433, 131 S. W. (2d) 971.

It is ordered that relator be discharged

Opinion adopted by the Supreme Court November 17, 1943.