**Larry Julian BLACKMON, Appellant,**

v.

**Patricia Louise BLACKMON, Appellee.**

**No. 16553.**

Court of Civil Appeals of Texas, Houston (1st Dist.)

July 31, 1975.

Vern J. Thrower, K. D. Keenan, Houston, for appellant.

Anthony L. Vetrano, Jr., Houston, for appellee.

EVANS, Justice.

This involves a motion to suspend two orders entered by the Court of Domestic Relations No. 1 filed pursuant to the provisions of Section 11.19(c) of the Texas Family Code, V.T.C.A., which provides:

> "An appeal from an order, judgment, or decree, with or without a supersedeas bond, does not suspend the order, decree, or judgment unless suspension is ordered by the court entering the order, decree, or judgment. The appellate court, on a proper showing, may permit the order, decree, or judgment to be suspended."

The record reflects that appellant, Larry Julian Blackmon, and appellee, Patricia Louise Blackmon, were divorced on July 17, 1972 in Cause No. 906672. Under such decree Patricia Blackmon was granted custody of their minor child, Jennifer Dawn Blackmon.

On September 17, 1974 Patricia Blackmon filed habeas corpus action (Cause No. 997102) seeking return of the child to her and on October 4, 1974 the court by docket sheet entry ordered the return of the child to her by 12:00 noon on October 5, 1974. A written order to this effect was subsequently signed and entered on January 3, 1975. On April 2, 1975 the trial court by interline-

ation of this order and by docket sheet entry purported to amend the order so as to require compliance by return of the child on April 4, 1975 at 5:00 o'clock p. m.

On September 17, 1974, the same date the above mentioned action was filed, a separate action to modify custody was instituted by Larry Blackmon in the same court (Cause No. 997045). By order dated November 18, 1974 and entered November 26, 1974, Larry Blackmon was appointed managing conservator of the child and Patricia Blackmon was appointed possessory conservator with further provision that she was not to be entitled to visitation for six months after the child had been returned to Larry Blackmon and not at that time until further orders of the court. This order recited that Patricia Blackmon though duly and properly served with citation failed to enter her appearance on the matter.

On April 1, 1975 Patricia Blackmon filed her petition in this proceeding (Cause No. 1020274) for writ of habeas corpus, asserting that she was entitled to have the child returned to her under the provisions of the divorce decree. To this petition Larry Blackmon responded with a so-called plea in abatement, asserting among other grounds, that the issues raised by the petition had been adjudicated and determined by the court's order of November 18, 1974. On the basis of this pleading the court on April 4, 1975 dismissed the cause on the stated ground that it did not have jurisdiction.

On April 11, 1975 Larry Blackmon filed a motion in Cause No. 1020274 seeking to set aside the order dated October 4, 1974 (in Cause No. 997,102) which had been entered on January 3, 1975 and which, as amended by interlineation, required return of the child on April 4, 1975. Among other grounds Larry Blackmon asserted in this motion that the trial court lacked authority to amend or modify the terms of the order since more than thirty days had elapsed since the date of its rendition and/or entry, and that the court's dismissal of the cause

(No. 1020274) on April 4, 1975 precluded any further action in the case. On May 22, 1975 the motion to set aside was overruled and this appeal was taken from that action of the trial court. During the pendency of this appeal appellant filed motion to suspend the order appealed from pursuant to Section 11.19(c) of the Texas Family Code. On May 30, 1975 we denied this motion.

On May 30, 1975, during the pendency of this appeal, the trial court entered an order purporting to reinstate this cause (No. 1020274) on its docket. By separate order also entered on May 30, 1975, the trial court ordered Larry Blackmon to return the child to Patricia Blackmon on June 1, 1975. It is these two orders which Larry Blackmon now seeks to have suspended pending this appeal.

Both of the orders which movant here seeks to have suspended were entered in the same proceedings (No. 1020274) as the order appealed from but subsequent to the date of that order. Both orders relate to the same subject matter as the order on appeal.

Pending an appeal the trial court is without authority to take any action in a case which disturbs the status quo of the matters on appeal. *Cureton v. Robbins*, 319 S.W.2d 735 (Tex.Civ.App.—San Antonio, 1958, writ dism'd). The two orders in question are therefore without effect insofar as they may interfere with the appellate function of this court in considering the rights of the parties under the state of the record as it existed at the time the appeal was perfected. However Section 11.19(c) of the Texas Family Code pertains only to the suspension of orders and decrees which are the subject matter of an existing appeal. This section does not, in our opinion, provide a basis for the suspension of an order which is subsequently entered in the same proceeding, even though the lower court may have lacked authority to enter such an order. Therefore, we deny the motion to suspend.