Kevin Neal MORRIS, Appellant,

v.

Cynthia Holt MORRIS, Appellee.

No. 12–83–0051–CV.

Court of Appeals of Texas, Tyler.

May 26, 1983.

Roy N. Hearne, Kilgore, for appellant.

Guy Harrison, Longview, for appellee.

PER CURIAM.

On May 3, 1983, appellant filed a motion with this court styled "Motion for Relief Pending Appeal or Motion to Advance." The motion, supported by the affidavit of appellant, states that on October 7, 1982, a temporary order was signed and entered in the trial court requiring appellant to pay temporary child support in the amount of $1,000 per month. The motion also recites that on January 25, 1983, the divorce action was tried on the merits by the trial court, and a decree of divorce was pronounced immediately following the trial requiring the appellant to pay child support in the amount of $750 per month. The decree was signed on February 15, 1983. On February 22, 1983, the trial court signed an order denying appellant's "Motion for Relief from Temporary Orders Pending Appeal." This order was dated and signed February 22, 1983, and reads in part: "[t]his motion is denied and the temporary orders heretofore granted on the 7th day of October, 1982, shall remain in full force and effect pending the appeal and mandate from the Court of Appeals."

We reviewed the record to examine the temporary orders referred to and the court's order of February 22, 1983. The trial court appointed petitioner (appellee), Cynthia Morris, as temporary managing conservator of the child of the marriage and appointed respondent (appellant), Kevin Morris, temporary possessory conservator with the right of visitation on the first and third weekends of each month, requiring the appellant to pay child support in the amount of $1,000 per month. Included in the temporary orders was an order requiring the appellant to pay the house note in the amount of $462 per month (the motion pending before us alleges that the house note payment has now been increased by the mortgagee to $494 per month).

In 1946 the Supreme Court of this State promulgated Subdivision (f) as an amendment to Rule 364, Tex.R.Civ.P. This subdivision reads as follows:

Where the judgment is one involving the care or custody of a child, the appeal, with or without a supersedeas bond, shall not have the effect of suspending the judgment as to the care or custody of the child unless it shall be so ordered by the court entering the judgment. However, the appellate court, upon a proper showing, may permit the judgment to be superseded.

The cases construing such subdivision have consistently held that the trial judge is vested with discretionary judicial power to determine whether or not the orders relating to custody of a child contained in a final judgment of divorce should or should not be suspended pending appeal. *See, Hays v. Brandon*, 245 S.W.2d 381 (Tex.Civ.App.— Fort Worth 1951, no writ). By the enactment of Title 2 of the Texas Family Code, Section 11.19 was created. Acts 1973, 63rd Leg.Chs. 543 and 544, effective January 1, 1974. Subdivision (c) of that section contains a provision almost identical with the language of Rule 364(f). Both Rule 364(f) and Section 11.19(c) authorize the trial court to suspend or not suspend orders contained in the judgment on appeal involving

the conservatorship of a child. Of course, Section 11.19 extended and expanded the authority of the trial court and the appellate court to suspend the judgment with reference to support payments, as well as to conservatorship orders. In fact, Rule 364(f) and Section 11.19(c) furnish the sole authority for the trial court or the appellate court to suspend orders contained in divorce decrees relating to conservatorship and support of children during the appeal from such judgment. It seems clear that the appellate court may review the trial court's exercise of judicial discretion in either suspending or refusing to suspend orders contained in divorce decrees related to conservatorship and support of children. In the case before us the trial court did not *expressly* suspend the support or conservatorship orders contained in the divorce decree signed by him on February 15, 1983. He did, however, impliedly suspend such orders by signing an order purporting to rejuvenate a temporary order signed by him on October 7, 1982. This he did not have the power to do. The temporary orders signed by Judge Martin on October 7, 1982, became *functus officio* when the divorce decree was signed by him on February 15, 1983. *Ex parte Carroll,* 141 Tex. 566, 175 S.W.2d 251 (1943); *Ex parte Brown,* 382 S.W.2d 97 (Tex.1964); *McGee v. Ponthieu,* 634 S.W.2d 780 (Tex.App.—Amarillo 1982, no writ). Thus, the order signed by Judge Martin on the 22nd day of February was void.

Since neither the conservatorship or support orders contained in the decree of divorce have been suspended by the trial judge (if they were, *no support or conservatorship orders would exist pending appeal in this matter*), the appellant is bound to obey the trial court's orders found in the decree of divorce. We have reviewed the record and decline to suspend the conservatorship and support orders contained in the decree of divorce entered in this cause. Also, we decline to advance the matter on the docket.