Deborah Louise **KOTRLA**, Appellant,

v.

Michael Ray **KOTRLA**, Appellee.

No. 13–86–329–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 2, 1986.

Rehearing Denied Oct. 30, 1986.

Robert D. Nogueira, Beeville, Dwayne McWilliams, Schnieder and McWilliams, George West, for appellant.

Errol John Dietze, Richard A. Butler, Dietze & Butler, Cuero, for appellee.

Before UTTER, SEERDEN and DORSEY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a divorce decree dissolving the marriage of the parties and appointing appellee as managing conservator of their minor daughter. We affirm.

By her first point of error, appellant contends that the trial court erred in admitting a tape recording into evidence and allowing it to be played to the jury.

Appellee, in May of 1985, recorded a conversation between himself and appellant without appellant's knowledge or consent. In the conversation, appellant admitted having used cocaine, once growing marihuana plants and that if she "had the money" she would have a "cocaine habit."

Appellant argues that TEX.REV.CIV. STAT.ANN. art. 9019 (Vernon Supp.1985)[1]

precludes the admissibility of the tape recording because she did not consent to it. We disagree. Article 9019 (now entitled Interception of Communication) confers a cause of action upon a party to a communication who has been the victim of an "eavesdropping." *See Figure World, Inc. v. Farley*, 680 S.W.2d 33 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

The statute provides that "interception" occurs when a "communication" is acquired "without the consent of *a party* to the communication." TEX.CIV.PRAC. & REMS. CODE ANN. § 123.001(2). In this case, "a party," appellee, consented to the recording. The statute is therefore inapplicable under these facts.

Furthermore, the statute does not address the *admissibility* of a tape recording. Tape recordings, even if obtained without the consent of a party to it, are admissible if the proper predicate is lain. *Seymour v. Gillespie*, 608 S.W.2d 897 (Tex. 1980). Appellant does not complain about the predicate.

Appellant also argues that the alleged use of marihuana and cocaine occurred in 1982 or earlier, prior to their marriage and is therefore too remote to be relevant to the issues in this case.

The primary concern in determining custody of a child is the best interest of the child. *Zuniga v. Zuniga*, 664 S.W.2d 810 (Tex.App.—Corpus Christi 1984, no writ). Prior involvement with drugs is certainly relevant to whether a parent should be awarded custody of a child. Further, the question of whether evidence is too remote is generally left to the sound discretion of the trial court. *Carter v. Converse*, 550 S.W.2d 322 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). Under the circumstances of this case, we cannot say that the trial court abused its discretion in admitting such evidence. Appellant's first point of error is overruled.

1. Repealed and now codified at TEX.CIV.PRAC. & REMS.CODE ANN. Ch. 123 (Vernon 1986).

By her second point of error, appellant contends that the trial court should have granted her motion for new trial because the fact that she was granted "broad" visitation rights shows that the best interest of the child would be served by appointing her as managing conservator. Appellant cites no authority to sustain her contention. We find no merit in this argument. The fact that appellant may have been granted generous visitation rights falls far short of *showing* that she was the parent best suited to be the managing conservator of the child. Appellant's second point of error is overruled.

By her third and fourth points of error, appellant challenges the sufficiency of the evidence to support the appointment of appellee as managing conservator. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

At trial, both parties presented evidence in an attempt to show that he or she should be the managing conservator and that the other should not. At the time of trial, appellee was employed as the manager of a butcher shop and had made day-care arrangements for his daughter while he was at work. He has a three-bedroom apartment with "room to romp and stomp."

The jury found that appellee should be appointed managing conservator. The jury's verdict is binding on the trial court in this regard if there is sufficient evidence to uphold the jury's finding. TEX.FAM.CODE ANN. § 11.13(b) (Vernon 1986); *In re Soliz,* 671 S.W.2d 644 (Tex. App.—Corpus Christi 1984, no writ). Even in a case in which the evidence would support the appointment of either parent as managing conservator, the appointment of one over the other is not an abuse of discretion. *See Fergus v. Fergus,* 547 S.W.2d 51 (Tex.Civ.App.—Eastland 1977, no writ). The trial court's appointment of appellee, in conformity with the jury's verdict, as managing conservator, is supported by sufficient evidence. Appellant's third and fourth points of error are overruled.

By her fifth point of error, appellant contends that it was error to admit into evidence her prior cocaine and marihuana use and evidence of an association with a lesbian. We have already discussed the admissibility of the prior cocaine and marihuana use under appellant's first point of error. As to the admission of evidence concerning association with a lesbian, appellant did not object when this testimony was elicited. Failure to make an objection waives review on appeal. *Caterpillar Tractor Co. v. Boyett,* 674 S.W.2d 782 (Tex. App.—Corpus Christi 1984, no writ). Appellant's fifth point of error is overruled.

By her sixth point of error, appellant contends that the trial court erred in failing to grant her request for reimbursement.

Appellant claims that she entered the marriage with $14,000.00 in a savings account which was her separate property. She asserts that these funds were used to enhance the community estate. However, the evidence presented established that these funds were used to pay for general living expenses, the medical bills associated with the birth of their child, and a car which was agreed to be appellant's separate property. Both the husband and wife are required to furnish support for community living, and if there are no community funds available for such use, then the spouse having separate funds is required to use them for community living expenses. *Trevino v. Trevino,* 555 S.W.2d 792 (Tex.Civ.App.—Corpus Christi 1977, no writ). Generally, when separate funds are spent for community living expenses, they are deemed a gift to the community for its well-being and use. *Id.* at 802. Reimbursement lies within the discretion of the court. We find no abuse of discretion in

failing to grant appellant's claim for reimbursement as to the $14,000.00.

 Appellant also claims that appellee sold a horse, which was her separate property, without her permission, receiving approximately $250.00 for it when they had agreed that it would not be sold for less than $2500.00. She claims that appellee kept the money and argues that she should be reimbursed, although she does not state the amount she feels entitled to as reimbursement.

Appellee controverted appellant's claim. He stated that they did not agree on a value for the horse. He further stated that he used the money as "spending money" at the suggestion and consent of appellant. In view of the conflicting evidence on this issue, we find no abuse of discretion by the trial court in failing to grant a reimbursement claim. Appellant's sixth point of error is overruled.

By her seventh and final point of error, appellant contends that the trial court erred in entering certain temporary orders regarding child custody. Temporary custody orders are binding only until a final judgment is entered appointing a permanent managing conservator. *See Morris v. Morris*, 654 S.W.2d 789 (Tex.App.—Tyler 1983, no writ); TEX.FAM.CODE ANN. § 11.11 (Vernon 1986). Appellant's complaint is therefore moot. Point of error number seven is overruled.

The judgment of the trial court is AFFIRMED.