**Karen D. SMITH, Appellant,**

v.

**Jerry W. SMITH, Sr., Appellee,**

and

**In the Interest of H.T.S., Z.C.S., and E.C.S., Children.**

**Nos. 10–00–409–CV, 10–01–108–CV.**

Court of Appeals of Texas, Waco.

Jan. 18, 2002.

Marnie Ann McCormick, Clark, Thomas & Winters, P.C., Austin, for appellant.

Robert York, Attorney At Law, Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER SUSPENDING DECREE

PER CURIAM.

Karen D. Smith, appellant in each of the above cases, filed a motion in each appeal to suspend enforcement of the decree of divorce pending the appeals. Jerry W. Smith, Sr., appellee in each case, opposes both motions.

Finding that Karen Smith has made a "proper showing" and that the decree of divorce does not terminate the parent-child relationship as to either party, the motion filed in Cause No. 10–00–00409–CV is granted and enforcement of the decree of divorce entered in Cause No. 99–00–09292 in the 13th Judicial District Court of Navarro County, Texas, is hereby suspended pending the issuance of our opinion in said cause or until further order of this court, whichever comes earlier. *See* Tex. Fam.Code Ann. § 109.002(c) (Vernon Supp. 2002).

Having granted the motion in the direct appeal from the decree, we deny as unnecessary the motion to suspend the decree filed by Karen Smith in Cause 10–01–00108–CV.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting from Order Suspending Decree.

Karen Smith's motion for suspension presents a question regarding the construction of Family code section 109.002(c). "The section provides that orders being appealed from are not suspended unless the trial court, with permission of the appeals court, suspends the order." *In re Taylor*, 39 S.W.3d 406, 411 (Tex.App.-Waco 2001, orig. proceeding). This is what we held this statute to mean just last year.

Rather than granting permission to the trial court to suspend the order, this court suspends the trial court's decree of divorce, "finding that Karen Smith has made a 'proper showing' " before this court.

Believing that we had it right the first time—that we do not have the authority to suspend the trial court's judgment—upon

a proper showing, I would abate this matter to the trial court and allow the trial court to consider whether suspension is appropriate under the circumstances.

Our position in Taylor was based upon the express language of the statute. The statute provides:

> (c) An appeal from a final order, with or without a supersedeas bond, does not suspend the order unless suspension is ordered by the court rendering the order. The appellate court, on a proper showing, may permit the order to be suspended, ...

TEX. FAM.CODE ANN. § 109.002(c) (Vernon Supp.2002).

The statute only gives the appellate court authority to "permit the order to be suspended." The statute does not give us the authority to actually suspend the order. Suspension of the order is explicitly left with " ... the court rendering the order" that is being suspended. Abatement for consideration of this issue by the trial court would allow the court to fashion an appropriate temporary order which suspends only the portions of the decree that may need to be suspended, while leaving the remainder of the order in place "as the court may deem necessary and equitable." TEX. FAM.CODE ANN. § 109.001(a) (Vernon 1996 & Supp.2002).

Further, "[a]n appeal from a final order rendered in a suit, when allowed under this section or under other provisions of law, shall be as in civil cases generally." TEX. FAM.CODE ANN. § 109.002(a) (Vernon Supp.2002). Under the rules applicable to appeals of "civil cases generally" the only authority to suspend the effect of a trial court's judgment is pursuant to Rule 24. TEX.R.APP. P. 24. Even a supersedeas bond does not suspend a parent's duties regarding child support and conservatorship. TEX. FAM.CODE ANN. § 109.002(c) (Vernon Supp.2002). The noble purpose of this legislative prohibition is to prevent a parent from escaping support duties by filing an appeal. *See Morris v. Morris,* 654 S.W.2d 789, 790–91 (Tex.App.-Tyler 1983, no writ) (father bound by support order pending appeal). This problem is exemplified in this appeal. The notice of appeal appears to have been filed late, and to this date no explanation has been filed reasonably explaining the late filing. *See Verburgt v. Dorner,* 959 S.W.2d 615 (Tex. 1997). *Verburgt* implies a motion for extension of time for filing the notice of appeal late, it does not eliminate the need to provide a reasonable explanation for the late filing. *Cotton v. Cotton,* 57 S.W.3d 506, 509 (Tex.App.-Waco 2001, no pet.).

Then, when appellant's brief was initially due, a motion for extension of time was filed and granted with the notation that "no further motions for extension of time to file appellate brief will be entertained." The extension was granted until December 19, 2001, over one year after the decree was rendered. Two days before the brief was due under this extension, another motion for extension of time to file appellant's brief and the request to suspend enforcement of the decree were filed. Thus, not until over a year after the rendition of the decree has Karen Smith moved this court to allow enforcement of the decree to be suspended. The due date for her brief has now been extended until January 21, 2002. This is the very type of continuing delay that the legislature was attempting to avoid.

Karen Smith contends in her motion that the trial court has already considered and rejected her motion. She contends that the trial court rejected her motion by holding her in contempt for violating the decree after the motion was filed. She is wrong. The contempt hearing was on March 5, 2001. The order holding her in contempt was signed on March 12, 2001.

She had filed the motion to suspend on March 9, 2001. On the same date the court signed the order for the March 5, 2001 hearing holding her in contempt; the trial court also signed an order scheduling her motion for hearing. The hearing was scheduled for March 23, 2001. There is nothing in the record to indicate if the hearing was held or the results thereof. Further, by March 5, 2001, the trial court had no jurisdiction to consider the motion for suspension because it had been more than 30 days after the notice of appeal had been filed. TEX. FAM.CODE ANN. § 109.001(a) (Vernon 1996 & Supp.2002). If we get jurisdiction of this case, which we do not currently have, abatement of the appeal would give the trial court jurisdiction to consider for the first time the motion she improperly contends was denied.

With regard to the same motion filed in the appeal of the enforcement order, Cause No. 10–01–00108–CV, we have no jurisdiction to suspend that type of order pending appeal. *Blackmon v. Blackmon,* 525 S.W.2d 711 (Tex.Civ.App.-Houston [1st Dist.] 1975, no writ).

### Conclusion

For these reasons, I respectfully dissent from the order suspending the trial court's decree of divorce.