157 S.W.3d 7 (2004)
In the Interest of A.C.S. and G.E.S., Children.
No. 10-03-00392-CV.
Court of Appeals of Texas, Waco.
May 4, 2004.
Robert A. Swearingen, Peterson & Swearingen, College Station, for appellant.
Scott Wesley Smith, Houston, pro se.
*8 Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

ORDER GRANTING STAY
PER CURIAM.
We grant Andrea Smith's motions for an emergency stay.
When Andrea and Scott Smith were divorced on October 10, 2002, the trial court appointed them joint managing conservators of their two children and ordered that Andrea have the right to establish the primary residence of the children "without restriction." See TEX. FAM.CODE ANN. § 153.134(b) (Vernon Supp.2004). After Andrea moved out of state with the children, Scott filed a petition to modify the parent-child relationship. On December 5, 2003, the trial judge signed an order modifying the conservatorship provisions of the earlier decree. The order directed, inter alia, that Andrea continue to have the right to establish the primary residence of the children but restricted her options to a list of specified counties in Texas. She was ordered to relocate the children no later than December 15, 2003, and if she failed to do so, the right to establish the primary residence in one of those counties was automatically transferred to Scott. She asked the trial judge to stay the order while she appealed, without success.
Andrea filed an original proceeding in this court, Cause No. 10-03-00390-CV, seeking a stay of the trial court's order. On December 10, 2003, we granted a stay of the trial court's order, with Chief Justice Gray dissenting. On December 24, 2003, after a dispute arose over Scott's right to exercise his Christmas visitation, with Chief Justice Gray again dissenting, we amended and limited the stay. Andrea's petition for an injunction was dismissed for want of jurisdiction on February 11, 2004, and the stay was lifted. In re Smith, 2004 WL 254079, at *1-2 (Tex.App.-Waco February 11, 2004, orig. proceeding). Andrea then filed the motion for an emergency stay in this appeal on February 17, 2004.
On March 26, 2004, the trial court signed an "Order Establishing Move Date," which stated: "However under no circumstances will the child be moved back to Texas any later than May 2, 2004." On April 16, Andrea filed a supplemental motion with us to stay that order also.
We have decided, in another Smith divorce appeal, that we have the authority to suspend an order like this. See Smith v. Smith, 63 S.W.3d 599, 599 (Tex.App.-Waco 2002, order) (per curiam) ("Finding that Karen Smith has made a `proper showing' ..., the motion ... is granted and enforcement of the decree of divorce ... is hereby suspended pending the issuance of our opinion in said cause or until further order of this court, whichever comes earlier. See TEX. FAM.CODE ANN. § 109.002(c) (Vernon Supp.2002)."). Appellate Rule 24.2(a)(4) grants the same authority. TEX.R.APP. P. 24.2(a)(4).
Andrea has made "a proper showing" for relief, and we hereby grant her motion and supplemental motion for an emergency stay.[1] TEX. FAM.CODE ANN. § 109.002(c) (Vernon 2004); Smith, 63 S.W.3d at 599. Pending final resolution of this appeal or further order of this Court, we hereby stay *9 the following orders of the 272nd District Court of Brazos County:
The "County of Residence" section on page 3 of the December 5, 2003, Order in Suit to Modify Parent-Child Relationship in Cause No. 02-001597-CVD-272, styled In the Interest of Abigail Christine Smith and Grace Elizabeth Smith, Children.

The March 26, 2004, Order Establishing Move Date in Cause No. 02-001597, styled In the Interest of Abigail and Grace Smith.

All other provisions of the trial court's December 5 order remain in effect, subject to each party's right of appeal.
Chief Justice GRAY unavailable to participate.
NOTES
[1] On Friday, April 30, 2004, the Texas Supreme Court granted a motion for emergency relief filed by Andrea, which noted that we had not ruled on her pending motions. See In the Interest of A.C.S. and G.E.S., No. 04-0411, ___ S.W.3d ___ (Tex. April 30, 2004) (orig.proceeding) (order). We see no conflict with the Supreme Court's order, which specifically provides that its stay will remain in effect "until the Tenth Court of Appeals rules on the motions for emergency stay pending in that court."