Karen D. Smith v. Jerry W. Smith
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-00409-CV

     KAREN D. SMITH,
                                                                         Appellant
     v.

     JERRY W. SMITH, SR.,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 99-00-09292-CV
                                                                                                                
                                                                                                         
DISSENTING AND CONCURRING OPINION
                                                                                                                

      The majority has determined that the trial court erred in its division of the community
estate. I believe that this determination is in error for two reasons. First, Karen elected to
accept the benefits of the judgment. Second, the record does not support the determination that
the trial court abused its discretion in making the division of the community estate, that is, that
the trial court acted without reference to guiding rules or principles.
 
Election
      As noted by the majority, the amended judgment resulted in $6,000 being deposited in the
registry of the court for the benefit of Karen. It is undisputed that Karen withdrew these funds
during the pendency of this appeal. Acceptance of benefits under the judgment should estop
her from contesting the propriety of the judgment. Tex. State Bank v. Amaro, 87 S.W.3d 538,
544 (Tex. 2002); Carle v. Carle, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950). She
claims that the acceptance of benefits under the judgment was not voluntary but was the result
of financial duress.


 I am not persuaded by her bold assertion of financial duress, especially
given that during the pendency of this appeal the majority has relieved her of even her minimal
obligation for child support. Smith v. Smith, 63 S.W.3d 599 (Tex. App.—Waco 2002, order)
(per curiam).
No Abuse of Discretion
      Upon examination of the merits of the division, I cannot find that the trial court abused its
discretion in its division of the community estate. When the parties do not have much, the fact
that one spouse does not get much is not an abuse of discretion. 
      Like almost any issue involving numbers, with the use of selected computations one could
make the division look grossly disproportionate. Based on the amounts as known, the trial
court awarded Jerry 91% of the assets. The trial court awarded Karen only 9% of the assets. 
But this division resulted in Jerry’s receiving only $9,863 in net benefit more than Karen,
because Jerry was awarded 88% of the debt and Karen was awarded only 12% of the debt. 
Given the trial court’s other findings that can be considered in making a “just and right”
division, including Karen’s fault in the breakup of the marriage and a downward departure
from the standard guidelines in the child support that Karen was ordered to pay, I find no
abuse of discretion in the division of the community estate.
      The majority puts some emphasis on the fact that three debts in Karen’s name were
awarded against Karen even though the amounts were unknown. The failure to present
evidence of the amount of these debts was within Karen’s control. She should not benefit on
appeal from her failure to produce evidence in her control. It should also be noted that the
trial court awarded Karen two assets of unspecified value: one of the vehicles, a RAV4; and
the balance of a 401(k) account in her name.
      The trial court did not act without regard to guiding rules or principles. The Family Code
requires the trial court to order a division of the estate in a manner the court deems just and
right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (Vernon
1998). The trial court has wide discretion in dividing the property of spouses upon divorce. 
E.g., Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Beard v. Beard, 49 S.W.3d
40, 66 (Tex. App.—Waco 2001 pet. denied) (op. on orig. submission). And as the majority
points out, the Supreme Court has instructed that we may not substitute our judgment for that
of the trial court unless the result is arbitrary or unreasonable, or the factual determination is
not supported by the evidence. Brainard v. State, 12 S.W.3d 6, 30 (Tex. 1999), disapproved
of on other grounds, Martin v. Amerman, 133 S.W.3d 262, 268 (Tex. 2004); Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Just because the majority
would have divided the community estate differently does not establish an abuse of discretion
by the trial court. The majority’s holding causes me to believe that it has not properly applied
the standard of review.
      For these reasons, I respectfully dissent.
      As to the remainder of the opinion, which affirms the trial court’s judgment, I concur.

 
                                                                         TOM GRAY
                                                                         Chief Justice

Dissenting and concurring opinion delivered and filed June 23, 2004