NO. 07-07-0494-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO
 
PANEL A

MAY 6, 2008
______________________________

IN THE INTEREST OF S.B.S., A CHILD
_________________________________

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 06-12-06420; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER
          Appellant, Clifford Holland, has filed an Emergency Motion to Review Denial of
Supersedeas and Suspension of Judgment with this Court requesting suspension of a
default judgment entered against him that, inter alia, ordered him to pay $1,360 per month
in current child support, $500 per month for retroactive child support, and $300 per month
for medical support. We grant the motion.
          An appeal from a final order in a suit affecting the parent-child relationship is treated
the same as in civil cases generally. See Tex. Fam. Code Ann. § 109.002(a) (Vernon
2002).


 However, an appeal from a final order, with or without supersedeas bond, does
not suspend the order unless suspension is ordered by the court rendering the order. 
§ 109.002(c). On a “proper showing” in a non-termination case, the appellate court may
permit an order to be suspended. § 109.002(c). See also Tex. R. App. P. 24.4(a)(4).
          In the present case, Holland has made a “proper showing” that the final order should
be suspended. See § 109.002(c). Thus, we grant Holland’s motion and suspend
enforcement of the 106th District Court’s Order in Suit Affecting the Parent-Child
Relationship entered in Cause Number 061206420 pending the issuance of our opinion
or further order of this Court, whichever comes earlier. See Smith v. Smith, 63 S.W.3d
599, 599 (Tex.App.–Waco 2002), order withdrawn as aff’d, 143 S.W.3d 206
(Tex.App.–Waco 2004, no pet.). 
 
                                                                           Per Curiam
 
 



1" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0127-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

SEPTEMBER 21, 2010

 

______________________________

 

 

IN THE ESTATE OF PHILLIP MORRIS KRUMNOW, SR., DECEASED

 

_________________________________

 

FROM THE COUNTY COURT OF FALLS COUNTY;

 

NO. 6862; HONORABLE JAMES F. CLAWSON, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION ON
APPELLEE'S MOTION TO DISMISS

            According to the record
filed, Appellant, Phillip Morris Krumnow, Jr., was
appointed as Independent Executor of the Estate of Phillip Morris Krumnow, Sr., Deceased, and letters testamentary were
issued on October 30, 2002.  Appellant
was subsequently removed as Independent Executor on May 14, 2003.  This is an attempt to appeal a preliminary probate
court ruling in a proceeding seeking the appointment of a successor personal
representative of the estate.  Here, Appellant
has filed a notice of appeal from the trial court's order overruling his
objection to the assignment of Senior Judge James F. Clawson, Jr. as presiding
judge.  Appellees,
Norma Cora Withem, Bettie Lanelle
Mendenhall, and Robert R. Krumnow, have filed a
Motion to Dismiss this appeal contending this Court
has no jurisdiction to entertain Appellant's case.  For the reasons expressed herein, we grant
Appellees' motion and dismiss this purported appeal for want of jurisdiction.

After the Honorable R. Steven Sharp entered an order
disqualifying himself from presiding in the underlying probate case, the
presiding judge of the Third Administrative Judicial Region, pursuant to § 74.056 of the Texas Government Code,[1] signed an order dated January 7,
2010, assigning the Honorable James F. Clawson, Jr., Senior Judge of the 169th
Judicial District, to preside over the case. 
Although Appellant contends that he did not receive actual notice of the
assignment of Judge Clawson until he received "the notice of hearing on
the Appointment of a Successor Executor," the record is devoid of any
reference to that date.[2]  Appellant filed his Objection to Assigned Judge on January 29, 2010, followed by an Amended Objection to Assigned Judge on
February 1, 2010.  Without a hearing, finding
the objection to be untimely as a matter of law, Judge Clawson entered an order
overruling Appellant's challenges on February 2, 2010.  Appellant filed his notice of appeal on March
1, 2010.[3]




 

Appellant filed his brief on June 25, 2010, raising the
following two issues:

1.  Because
Appellant did not receive notice of the January 7, 2010, assignment, the trial court
abused its discretion in denying his objection to the assigned judge based on
the finding that his objection was not timely filed.

2.  The trial court
abused its discretion in not conducting a hearing on the record on Appellant's objection
to assigned judge for the reason that a hearing is required.

 

In response, Appellees filed their
brief which incorporated a motion to dismiss for want of jurisdiction.  

            By
letter dated August 3, 2010, this Court advised Appellant of the potential interlocutory
nature of the order being appealed and directed him to demonstrate on or before
August 13, 2010, why this appeal should not be dismissed for want of
jurisdiction.  On August 17, 2010,
Appellant filed his response asserting he was denied the fundamental right to a
hearing on his objection.  Relying on In re Canales, 52 S.W.3d 698, 701 (Tex.
2001), he argues that because orders of an assigned judge who should have been
removed after a timely objection are void, it would be a waste of time and judicial
resources to not address the issue on an interlocutory basis.[4]  

Interlocutory
Appeals

            At the outset, this Court is obliged
to determine issues affecting our jurisdiction over an appeal.  New York Underwriters
Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990).  Our jurisdiction is established by various
constitutional and statutory provisions. 
See Tex. Const. art. 5
'
6.  See also Tex. Gov=t Code
Annotated ' 22.220 (Vernon Supp. 2009).  As a general rule, before a judgment or order
is appealable, it must be a final order disposing of all parties and
issues.  Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 (Tex 2001); North
E. Indep. School
Dist. v. Aldridge 400 S.W.2d 893, 895 (Tex.
1966).  An order or
judgment which does not dispose of all parties and issues is interlocutory and
this Court is without jurisdiction to review it absent an express grant of
authority.  See Warford v. Childers, 642 S.W.2d 63, 65 (Tex.App.--Amarillo 1982, no writ).   

            Section 51.014(a) of the Texas Civil
Practices and Remedies Code does grant express authority to appeal certain
interlocutory orders.  See Tex.
Civ. Prac. & Rem. Code ' 51.014(a)
(Vernon  2008).  Because this appeal pertains to a matter not
falling within any of those statutory exceptions, we find no statutory basis for
jurisdictional authority.

            Appellant's argument that dismissing
this appeal would be a waste of judicial resources is also without merit.  Just as in Canales, Appellant has an appropriate and adequate remedy via a
mandamus proceeding.  

            Accordingly, Appellees' Motion to
Dismiss is granted and this purported appeal is dismissed for want of
jurisdiction.  Tex. R.
App. P. 42.3(a).

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 











[1]Tex. Gov't Code Ann. §
74.056 (Vernon 2005).  

 





[2]An objection to the assignment of a trial judge under Chapter 74
of the Texas Government Code must be filed not later than the earlier of the seventh day after the date the party receives
actual notice of the assignment or the date the first hearing or trial,
including pretrial hearings, commences.  Tex. Gov't Code Ann. § 74.053(c) (Vernon 2005).  Except as specifically provided, each party
to the case is entitled to only one objection under §
74.053.  If a properly filed objection is
timely, the assigned judge's disqualification is automatic.  See Tex.
Gov't Code Ann. § 74.053(b) (Vernon 2005); In
re Canales, 52 S.W.3d 698, 701 (Tex. 2001). 
The determination of timeliness is a mixed question of law and
fact.   

 





[3]Even
if this were a permissible interlocutory appeal, the notice of appeal was not
filed within the twenty days in which to perfect such an appeal.  See Tex.
R. App. P. 26.1(b).

 





[4]In re Canales was an original proceeding
wherein the Petitioner sought a writ of mandamus to compel an appellate court
to withdraw its conditional granting of a writ of mandamus directing an
assigned judge to disqualify himself from further proceedings in an underlying
cause of action based upon the timeliness of an objection to his assignment.