IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00166-CV

 

In
re Vaughn Birdwell

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

The petition for writ of mandamus is
dismissed as moot.

 

                                                                                    REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
dismissed as moot

Opinion
delivered and filed June 17, 2009

[OT06]








 






0;                                                            
DISSENTING OPINION FROM ORDER SUSPENDING DECREE
                                                                                                                

      Karen Smith’s motion for suspension presents a question regarding the construction of Family
Code section 109.002(c). “The section provides that orders being appealed from are not
suspended unless the trial court, with permission of the appeals court, suspends the order.” Taylor
v. Taylor, 39 S.W.3d 406, 411 (Tex. App.—Waco 2001, orig. proceeding). This is what we held
this statute to mean just last year.
      Rather than granting permission to the trial court to suspend the order, this court suspends the
trial court’s decree of divorce, “finding that Karen Smith has made a ‘proper showing’” before
this court.
      Believing that we had it right the first time–that we do not have the authority to suspend the
trial court’s judgment–upon a proper showing, I would abate this matter to the trial court and
allow the trial court to consider whether suspension is appropriate under the circumstances.
      Our position in Taylor was based upon the express language of the statute. The statute
provides:
(c) An appeal from a final order, with or without a supersedeas bond, does not
suspend the order unless suspension is ordered by the court rendering the order. The
appellate court, on a proper showing, may permit the order to be suspended, ...

Tex. Fam. Code Ann. § 109.002(c) (Vernon Supp. 2002).
      The statute only gives the appellate court authority to “permit the order to be suspended.” 
The statute does not give us the authority to actually suspend the order. Suspension of the order
is explicitly left with “...the court rendering the order” that is being suspended. Abatement for
consideration of this issue by the trial court would allow the court to fashion an appropriate
temporary order which suspends only the portions of the decree that may need to be suspended,
while leaving the remainder of the order in place “as the court may deem necessary and
equitable.” Tex. Fam. Code Ann. § 109.001(a) (Vernon 1996 & Supp. 2002).
      Further, “[a]n appeal from a final order rendered in a suit, when allowed under this section
or under other provisions of law, shall be as in civil cases generally.” Tex. Fam. Code Ann. §
109.002(a) (Vernon Supp. 2002). Under the rules applicable to appeals of “civil cases generally”
the only authority to suspend the effect of a trial court’s judgment is pursuant to Rule 24. Tex.
R. App. P. 24. Even a supersedeas bond does not suspend a parent’s duties regarding child
support and conservatorship. Tex. Fam. Code Ann. § 109.002(c) (Vernon Supp. 2002). The
noble purpose of this legislative prohibition is to prevent a parent from escaping support duties by
filing an appeal. See Morris v. Morris, 654 S.W.2d 789, 790-91 (Tex. App.—Tyler 1983, no
writ) (father bound by support order pending appeal). This problem is exemplified in this appeal. 
The notice of appeal appears to have been filed late, and to this date no explanation has been filed
reasonably explaining the late filing. See Verburgt v. Donner, 959 S.W.2d 615 (Tex. 1997). 
Verburgt implies a motion for extension of time for filing the notice of appeal late, it does not
eliminate the need to provide a reasonable explanation for the late filing. Cotton v. Cotton, 57
S.W.3d 506, 509 (Tex. App.—Waco 2001, no pet.).
      Then, when appellant’s brief was initially due, a motion for extension of time was filed and
granted with the notation that “no further motions for extension of time to file appellate brief will
be entertained.” The extension was granted until December 19, 2001, over one year after the
decree was rendered. Two days before the brief was due under this extension, another motion for
extension of time to file appellant’s brief and the request to suspend enforcement of the decree
were filed. Thus, not until over a year after the rendition of the decree has Karen Smith moved
this court to allow enforcement of the decree to be suspended. The due date for her brief has now
been extended until January 21, 2002. This is the very type of continuing delay that the legislature
was attempting to avoid.
      Karen Smith contends in her motion that the trial court has already considered and rejected 
her motion. She contends that the trial court rejected her motion by holding her in contempt for
violating the decree after the motion was filed. She is wrong. The contempt hearing was on
March 5, 2001. The order holding her in contempt was signed on March 12, 2001. She had filed
the motion to suspend on March 9, 2001. On the same date the court signed the order for the
March 5, 2001 hearing holding her in contempt; the trial court also signed an order scheduling her
motion for hearing. The hearing was scheduled for March 23, 2001. There is nothing in the
record to indicate if the hearing was held or the results thereof. Further, by March 5, 2001, the
trial court had no jurisdiction to consider the motion for suspension because it had been more than
30 days after the notice of appeal had been filed. Tex. Fam. Code Ann. § 109.001(a) (Vernon
1996 & Supp. 2002). If we get jurisdiction of this case, which we do not currently have,
abatement of the appeal would give the trial court jurisdiction to consider for the first time the
motion she improperly contends was denied.
      With regard to the same motion filed in the appeal of the enforcement order, Cause No. 10-01-00108-CV, we have no jurisdiction to suspend that type of order pending appeal. Blackmon
v. Blackmon, 525 S.W.2d 711 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ).
ConclusionFor these reasons, I respectfully dissent from the order suspending the trial court’s decree of
divorce.
TOM GRAY
                                                                         Justice
 
Dissenting opinion delivered and filed on January 18, 2002
Publish